The Republic Mutual Ins. Co., Appellant, *v.* Wilson, Appellee.

(Decided December 10, 1940.)

*Mr. Charles A. Brown, Jr.,* for appellant.
*Mr. John E. Gregg* and *Mr. W. L. Dickey,* for appellee.

BLOSSER, P. J.   Defendant, John B. Wilson, carried an automobile insurance policy, covering his automobile, with the plaintiff, Republic Mutual Insurance Company.   The defendant in applying for the policy made certain false statements to the insurance company concerning material facts about which neither the company nor its agents at the time had any knowledge.   The company later issued a policy to the defendant relying upon the truth of his statements, and but for which answers and statements of the defendant, the insurance company would not have issued the policy.   Item seven in the application, which is incorporated in the terms of the policy, reads:

"By acceptance of this policy the named insured agrees that the statements in the declaration are his agreements and representations which he warrants to be true, that this policy is issued in reliance upon the truth of such representations."

The policy also provides that the entire policy is void if the insured has concealed or misrepresented any material fact concerning his insurance or the subject thereof, whether before or after the loss.   The insured accepted the policy and paid premiums there-

under. Thereafter the company paid certain claims and losses for the insured under the policy. The company, as soon as it discovered the falsity of the representations and warranties of the insured, demanded from the insured the money it had paid on the claims of the insured under the policy. At the time the company paid the claims of the insured it did not know of the fraud and falsity of the statements of the insured and it at no time knew of the falsity and fraud until after the claims had been paid, after which discovery the company tendered back the premiums paid by the insured and cancelled the policy. The insurance company then brought this action against the insured to recover back the amount it had paid on the losses and claims of the insured. The case was tried to the court without intervention of a jury and resulted in a judgment for the defendant. The insurance company has appealed to this court on questions of law.

The material and essential facts of the case are not in serious dispute. The defendant, Wilson, attempts to avoid the effect of his answers to the interrogatories stated in his application for insurance by asserting that he did not verbally answer the questions propounded by the insurance agent at the time the application was made. When Wilson signed the application he adopted and ratified all the statements appearing above his signature and he is bound by all the statements contained therein.

The policy provides that the statements as to material facts are warranted by Wilson to be true. We are of the opinion that aside from the express provisions of the policy as to warranties, the statements of Wilson in his application, as to other insurance, the cancellation of the same, and his past accidents, constitute warranties as to material facts which go to the validity of the contract of insurance. As the policy

so provides in express terms there is no question but that these statments constitute warranties. If the statements as to material facts are false they void the contract of insurance regardless of the knowledge of their falsity or the intention of the defendant. In such case the policy is void *ab initio*. *Insurance Co.* v. *Pyle,* 44 Ohio St., 19, 4 N. E., 465, 58 Am. Rep., 781.

In 29 American Jurisprudence, 475, Section 586, it is said:

"A statement by an applicant for insurance as to prior applications or rejections is material as a matter of law, and if false, avoids the policy regardless of the good faith of the applicant and regardless of whether the statement constitutes actual fraud."

Benoy on Ohio Insurance, 209, Section 438, says:

"* * * a warranty is a statement or undertaking of the insured inserted in express writing on the face of the policy or incorporated therein by proper words and reference, forming a part of the completed contract. The validity of an entire contract of insurance depends upon the literal truth or fulfillment of any warranty therein, whether material to the risk or not, while a representation need only be shown to be substantially true, and then only if material. * * * warranties are conclusively presumed to be material, while a representation must be proved by the insurer to be material before its falsity will avoid the policy of insurance.

"Under the strict rule in regard to warranties, the good faith of the insured is immaterial; it being sufficient that the warranty is false in fact, whereas in regard to representations the lack of good faith of the insured is an essential element to be proved to avoid a policy of insurance for misrepresentation."

Counsel for defendant has referred to Section 9391, General Code, as to false answers to interrogatories

in application for insurance. This section of the Code has no application in the present case for the reason that it is in the General Code under the chapter with reference to life insurance and furthermore the present suit is not upon the policy but is a suit by the insurance company to recover back money paid. This section of the Code is applicable when a suit is brought upon a life insurance policy.

There is no doubt but that the insurance company is entitled to recover back money that it has paid for losses under a void contract of insurance. 22 Ohio Jurisprudence, 826, Section 732.

We think that the trial court misapplied the law with reference to warranties and that under the proven and admitted facts the plaintiff is entitled to recover.

For these reasons the judgment is reversed and as there is no serious dispute as to the material facts, final judgment may be entered in favor of plaintiff for the amount claimed.

*Judgment reversed and*
*final judgment for appellant.*

GILLEN and McCURDY, JJ., concur.