**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**Thomas B. GAEKLE et al.**

**Civ. No. 1417.**

United States District Court
N. D. Indiana, South Bend Division.

June 16, 1955.

Aaron H. Huguenard and Wm. F. McInerny, South Bend, Ind., for plaintiff.

Robert J. Salek, LaPorte, Ind., Robert S. Baker, Deputy Atty. Gen., Michigan City, Ind., Paul R. Moo, South Bend, Ind., Milton J. Sallwasser, LaPorte, Ind., for defendants.

PARKINSON, District Judge.

This is a declaratory judgment proceeding wherein the plaintiffs seeks a declaration of the rights of the parties with the binder issued to the defendant, Thomas B. Gaekle, by the plaintiff's agent on December 15, 1951, pending the issuance of an automobile policy in the form and at the rates and classifications of the plaintiff's manual, declared to be void ab initio, with the defendants interposing defenses of waiver and estoppel by reason of the filing of an SR–21 by the plaintiff's agent with the Indiana Commissioner of the Bureau of Motor Vehicles following an accident in which the automobile of the defendant, Thomas B. Gaekle, was involved.

The undisputed evidence is that the defendant, Thomas B. Gaekle, had an automobile insurance policy issued to him by the American Automobile Insurance Company which it had cancelled on or about December 5, 1951 and he had surrendered the policy, after written notice of cancellation had been received by him, just a few days before December 15, 1951, when he voluntarily appeared at the office of the plaintiff's agent to purchase another insurance policy on his automobile. The evidence on the question as to whether he had been previously cancelled by the Inter-Insurance Exchange of the Chicago Motor Club is in dispute but the decision of that question is of no import because the uncontradicted evidence is that on December 15, 1951, an insurer had cancelled his automobile insurance.

■ This court is convinced by more than a preponderance of the evidence that on December 15, 1951, the defendant, Thomas B. Gaekle, told the plaintiff's agent that no insurer had cancelled any kind of automobile insurance for him, and signed a written application wherein he so stated; that the statement of the defendant, Thomas B. Gaekle, that no insurer had cancelled any kind of automobile insurance for him was a rank misrepresentation and was made by him to induce the plaintiff's agent to write the binder in controversy; that if he had answered the question, "Has any insurer cancelled or refused to renew any kind of automobile insurance for any driver?", truthfully and said, "Yes", the plaintiff's agent would have had to have refused him insurance because of the plaintiff's rules, and that said misrepresentation of the defendant, Thomas B. Gaekle, was material to the risk; that if he had not misrepresented the facts the binder would not have been issued and because thereof the binder is void ab initio.

The defendants have voluntarily abandoned their defense of waiver and rightfully so because a waiver is an intentional relinquishment of a known right and there is no evidence that the SR–21 was filed with knowledge of the misrepresentation of the defendant, Thomas B. Gaekle, in fact the evidence is to the contrary.

■■ As to the defense of estoppel, it is the law that one cannot set up another's act or declaration as the ground of an estoppel unless he has been misled or deceived by such act or declaration, and he must show that he was influenced to do some act to his detriment and that injury will result if the other person is permitted to withdraw or deny the truth of what he did. No such showing has been made by the defendants.

Therefore, the court having considered all of the evidence, the arguments of counsel, and the law applicable thereto, does now make the following

## Findings of Fact

### 1.

Plaintiff is a corporation incorporated under the laws of the State of Illinois. All defendants are citizens of the State of Indiana. The matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

### 2.

On or about the 15th day of December, 1951, defendant Gaekle applied to plaintiff's agent in LaPorte, Indiana, one Del Anderson, for a policy of automobile insurance which, among other things, would provide that plaintiff would pay on said defendant's behalf all sums which said defendant shall become legally obligated to pay as damages because of (a) bodily injury, sickness or disease, including death, at any time resulting therefrom, sustained by any person, and (b) injury to or destruction of property including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of a certain automobile by said defendant and more specifically described as follows: a 1951 model Chevrolet two door sedan, the limit of liability for all damages, including damages for care and loss of services arising out of bodily injury, sickness or disease, including death at any time resulting therefrom sustained by two or more persons in any one accident not to exceed $30,000, the limit of liability for all damages arising out of such bodily injuries to any one person in any one accident not to exceed $15,000, and the limit of liability for property damage sustained in any one accident not to exceed $5,000.

### 3.

At the time said defendant Gaekle applied for said insurance plaintiff's agent Anderson asked said defendant Gaekle whether any insurer had cancelled or refused to renew any kind of automobile insurance for defendant Gaekle, and said defendant Gaekle then falsely represented that no insurer had ever cancelled or refused to renew any kind of automobile insurance for said defendant Gaekle.

4.

The answer given to plaintiff's agent Anderson by defendant Gaekle to said question concerning cancellation of insurance policies together with other information was written on an application which said defendant Gaekle signed, a reproduced copy of the face of which is as follows:

AUTOMOBILE APPLICATION · STATE FARM·MUTUAL AUTOMOBILE·INSURANCE COMPANY · BLOOMINGTON ILLINOIS

1. EFFECTIVE DATE— 12 | 15 | 51 | OLD POLICY NUMBER 30
2. NAME (Please Print) Thomas B. Gaekle
3. RESIDENCE ADDRESS Inside City Limits? YES — 306 Rockwood St. LaPorte Ind. LaPorte
4. MAILING ADDRESS If same as above—Write "Same" — Same
5. PURPOSE FOR WHICH AUTOMOBILE IS USED Bus + Plea. — OCCUPATION OR BUSINESS Optician
6. EMPLOYER'S NAME Stuart Optical Co. — NATURE OF EMPLOYER'S BUSINESS Optical Mfg

BE SURE ABOVE SECTION IS COMPLETE BEFORE GOING ON

7. DOES APPLICANT MEET ALL MANUAL REQUIREMENTS FOR FARM RATES? NO — TERRITORY NUMBER 2
8. COVERAGE COMBINATION DESIRED AS SHOWN IN AGENT'S MANUAL (FOR PRIVATE PASSENGER AUTOMOBILES ONLY) COVERAGE COMBINATION NO. 10 — 7.00 — 14.66
9. OPTIONAL COVERAGES FOR COMMERCIAL AND PRIVATE PASSENGER AUTOMOBILES
   A-B BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Limits 10/20/5 Thousand) Limits desired if other than 10/20/5 Thousand $ 15 / 30 / 5 / Thousand
   C MEDICAL PAYMENTS (Limits desired per person) ☒ $500 ☐ $1,000
   D COMPREHENSIVE (Fire, Windstorm, Theft, etc.)
   E FIRE, WINDSTORM, THEFT
   F COLLISION—80%
   G COLLISION—$ DEDUCTIBLE
   H EMERGENCY ROAD SERVICE
   ENDORSEMENT
   KIND AND AMOUNT OF REMITTANCE ENCLOSED: Check or Money Order $ 21.66 Time Check $ — | 21.66 Totals 7.00 14.66

BE SURE ABOVE SECTION IS COMPLETE BEFORE GOING ON

10. MAKE Chev. — YEAR MODEL 1951 — BODY STYLE OR TRUCK LOAD CAPACITY 2 Dr. — CYLS. 6 — MOTOR NUMBER JAO 1064933
11. ACTUAL COST INCL. EQUIPMENT 1968 — PURCHASED NO. 10 YR. 51 NEW / USED — INSURANCE RATING PRICE 9 — SERIAL NUMBER IJKJ - 152002
12. PURCHASED FROM Mitchell Chev. — ADDRESS LaPorte, Ind.
13. ESTIMATED ANNUAL MILEAGE 1 — OTHER INSURANCE YES NO / — COVERAGES 50 Ded a Comp. — EXPIRES NO. 4 DAY 13 YR 53
14. ENCUMBERED? YES / NO — AMOUNT 1100 TO GMAC — ADDRESS Gary, Ind.
15. CONDITION OF AUTOMOBILE— Describe in detail any existing damage on reverse side.—If No Damage Write "None" Here None

BE SURE ABOVE SECTION IS COMPLETE BEFORE GOING ON

16. DRIVERS (List each one) — RACE, COLOR — BIRTH DATE — PHYSICAL DEFECTS — DATES OF ACCIDENTS
    APPLICANT Am Whi 3-28-26 None None
    Loretta Gaekle " " Age 44 " Apr. 1949 / 12-16-51
17. HAS ANY INSURER CANCELLED OR REFUSED TO RENEW ANY KIND OF AUTOMOBILE INSURANCE FOR ANY DRIVER? 12-20
18. HAS OPERATOR'S LICENSE OR REGISTRATION FOR ANY DRIVER BEEN SUSPENDED OR REVOKED?
19. IS CERTIFICATE OF FINANCIAL RESPONSIBILITY REQUIRED FOR ANY DRIVER? YES NO

BE SURE ABOVE SECTION IS COMPLETE BEFORE GOING ON

20. The undersigned hereby applies for the insurance indicated above and represents he is the owner of the described automobile and that the statements herein are correct.
    X Thomas B Gaekle — APPLICANT'S SIGNATURE — Def Anderson LOCAL AGENT — CODE NO. 1632
21. DATE OF APPLICATION 12 15 51 — DISTRICT AGENT Robert Slaughter 42

FORM 4006 (10 8151)

*[Stamps appearing on the form:]* UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA MAY 16 1955 PLAINTIFF'S Exhibit No. 5 CLINTON B. GETTIG, REPORTER

5.

In truth and in fact the American Automobile Insurance Company and American Automobile Fire Insurance Company, sometimes doing business under the style of American Associated Insurance Companies, had on or about December 5, 1951, cancelled a policy of automobile insurance issued to said defendant

6.

Plaintiff relied on said defendant Gaekle's representation that no insurance company had cancelled any automobile insurance issued to him, and pursuant to said application issued to defendant Gaekle a binder pending issuance of an insurance policy, a reproduced copy of which binder is as follows:

BINDER

Issued to Named Insured _Thomas B. Gaekle_ Address _306 Richmond, La Paze, Ia._

The State Farm Mutual Automobile Insurance Company hereby agrees to bind the named insured, subject to the conditions given in the regular policy, for such of the following coverages as are indicated pending the issue of an automobile insurance policy in the form and at the rates and classifications of the Company's manual. This binder shall in no event be in force more than 30 days from date hereunder and shall be superseded by the policy.

THE INSURANCE INDICATED APPLIES TO THE FOLLOWING DESCRIBED AUTOMOBILE

| MAKE | YEAR MODEL | BODY STYLE OR TRUCK LOAD CAPACITY |
|---|---|---|
| Chev. | 1951 | 2 d. |

| CYLS | MOTOR NUMBER | SERIAL NUMBER |
|---|---|---|
| 6 | JAD 1064923 | |

RECEIPT OF $ _21.66_ CASH ☑ CHECK ☐ IS HEREBY ACKNOWLEDGED

BALANCE OF $ _____ DUE _____

DATE APPLICATION WRITTEN: MONTH _12_ DAY _15_ YEAR _51_

EFFECTIVE DATE, MONTH _12_ DAY _15_ YEAR _51_

BY _Del Anderson_

AGENT SIGN HERE

CHECK COVERAGES APPLIED FOR (✓)

| | |
|---|---|
| A-B BODILY INJURY and PROPERTY DAMAGE LIABILITY (Limits 10/20/5 Thousand)—Limits desired if other than 10/20/5 Thousand $ 15/30/ 5 /Thousand ☒ $500 ☐ $1,000 | ✓ |
| C MEDICAL PAYMENTS (Limits per person) | ✓ |
| D COMPREHENSIVE (Fire, Windstorm, Theft, etc.) | ✓ |
| E FIRE, WINDSTORM, THEFT | |
| F COLLISION—80% | |
| G COLLISION $ DEDUCTIBLE | |
| H EMERGENCY ROAD SERVICE | ✓ |
| ENDORSEMENT: | |

**7.**

Said statement by said defendant Gaekle that no insurer had cancelled any automobile insurance issued to him was a material misrepresentation to plaintiff and one material to the risk to be assumed by the plaintiff.

**8.**

If defendant Gaekle had truthfully answered the question on said application concerning cancellation of other automobile insurance, plaintiff's agent would have had no authority to accept and would not have accepted defendant Gaekle's application and would have had no authority to issue and would not have issued said binder to him. Instead, plaintiff's agent would have submitted an inquiry to plaintiff's executives at Bloomington, Illinois, and plaintiff would have investigated defendant Gaekle in order to decide whether it would insure him.

**9.**

Such an investigation would have disclosed that on or about January 17, 1949, and again on or about November 5, 1949, defendant Gaekle on his plea of guilty was found guilty of reckless driving of a motor vehicle; that on two previous occasions he had been arrested for disorderly conduct; that defendant Gaekle's reputation as an operator of motor vehicles was not good; that defendant Gaekle's reputation for being an orderly person was bad; that defendant Gaekle's reputation as a user of alcoholic beverages was bad. Upon learning said facts concerning defendant Gaekle, plaintiff would have refused to issue a binder or a policy of insurance to defendant Gaekle.

**10.**

On or about December 16, 1951, said defendant Gaekle while operating said automobile collided with an automobile operated by defendant Moo on U. S. Highway No. 35 in LaPorte County, Indiana, about 3½ miles north of the City of LaPorte, Indiana. At the time of said collision defendant Weaver was a passenger in defendant Gaekle's automobile. As a result of said collision defendants Moo and Weaver sustained personal injuries for which injuries they have made claims against the plaintiff and defendant Gaekle. On or about the 3rd day of September, 1952, the defendant Moo filed an action against the defendant Gaekle in the LaPorte Circuit Court of LaPorte County, Indiana, in which action, now pending, said defendant Moo seeks to recover damages for his personal injuries suffered as a result of said collision. The automobile operated by defendant Moo was damaged in said collision, and defendants Armstrong, Schnaitter, Cadle and Raper, constituting the members of the State Police Board of the State of Indiana, have made a claim against the plaintiff for damages to said automobile.

**11.**

On or about December 31, 1951, plaintiff learned for the first time, the true facts concerning the previous cancellation of automobile insurance issued to defendant Gaekle.

**12.**

On January 5, 1952, plaintiff executed with said defendant Gaekle a non-waiver agreement which provides that any action taken by the plaintiff in investigating said collision or attempting to adjust claims arising therefrom or defending any suit brought on said claims shall not be construed as a waiver of the rights of plaintiff to deny liability under said binder and the insurance policy sought by Gaekle and that the signing of said agreement shall not be considered a waiver of the rights of the defendant Gaekle.

**13.**

By letter dated January 24, 1952, plaintiff notified defendant Gaekle that it denied liability for any claims arising out of said collision and that because of his misrepresentations his application was rejected as of the date made, to-wit, the 15th day of December, 1951, and plaintiff tendered to said defendant Gaekle with said letter its draft in the amount of $21.66, representing the amount paid by defendant Gaekle to plaintiff's agent

Anderson for the premium and membership fee for the insurance applied for. Said draft was returned to plaintiff by defendant Gaekle's attorney with the information that defendant Gaekle considered the binder to be in full force and effect on December 16, 1951. Plaintiff is and has been able and willing to return to defendant Gaekle the membership fee and premium paid to plaintiff by defendant Gaekle and plaintiff has deposited with the Clerk of this court for the benefit of defendant Gaekle the sum of $21.66 plus interest in the sum of $1.08.

14.

On or about December 17, 1951, and before plaintiff learned of defendant Gaekle's previous cancellation of automobile insurance, plaintiff's agent Anderson mailed to the Commissioner of the Bureau of Motor Vehicles, State of Indiana, an instrument known as an SR–21.

15.

Through an oversight on the part of agent Anderson and an oversight on the part of one of plaintiff's clerical employees, the fact that said SR–21 was mailed to the Commissioner did not come to the attention of those agents of the plaintiff charged with the responsibility of issuing or refusing to issue insurance to defendant Gaekle or of those charged with the responsibility of handling claims arising in connection with such insurance until the defendants filed their answers herein. Upon learning that an SR–21 had been filed, plaintiff promptly proceeded by letter dated October 29, 1952, to advise the Bureau of Motor Vehicles that it denied any and all liability under the policy described in said SR–21 and requested the return of said SR–21 to plaintiff. Said Bureau of Motor Vehicles by letter dated November 6, 1952, denied plaintiff's request for the return of said SR–21.

16.

Plaintiff has never intended to waive and has not waived its right to have said binder declared null and void.

17.

Plaintiff has done nothing to estop itself and is not estopped from denying liability on said binder.

18.

There is an actual controversy between plaintiff and the defendants as to plaintiff's obligations under said binder. Said controversy involves a question of whether or not said binder is void ab initio because of the fraudulent misrepresentation made by defendant Gaekle as hereinabove found.

19.

Said binder is null and void ab initio and plaintiff is under no obligation to issue any policy of insurance to defendant Gaekle, and plaintiff has no obligations under said binder to any of the defendants.

20.

Plaintiff is entitled to a declaratory judgment that said binder of insurance is null and void ab initio and that none of the defendants is entitled to recover from the plaintiff and that plaintiff is not obligated to defend any action brought against defendant Gaekle by any of said co-defendants.

Upon the foregoing findings of fact, the court does now state its

Conclusions of Law

1.

This court has jurisdiction of the parties to and the subject matter of this action.

2.

The misrepresentation of the defendant, Thomas B. Gaekle, that no insurer had cancelled any automobile insurance issued to him was a misrepresentation of a fact material to the risk to be assumed by the plaintiff and, therefore, the binder of insurance issued to the defendant, Thomas B. Gaekle, by the plaintiff's agent on December 15, 1951, is null and void ab initio and none of the defendants is entitled to recover from the plaintiff.

**3.**

Plaintiff has not waived its right to have said binder declared null and void.

**4.**

Plaintiff is not estopped from denying liability on said binder.

**5.**

The law is with the plaintiff and against the defendants.

**6.**

Plaintiff is entitled to a judgment and decree of this court that the binder of insurance issued to the defendant, Thomas B. Gaekle, by the plaintiff's agent on December 15, 1951, is null and void ab initio; that none of the defendants is entitled to recover from the plaintiff, and the plaintiff is not obligated to defend any action brought against the defendant, Thomas B. Gaekle, by any of his co-defendants.

The clerk of this court is hereby ordered to enter judgment accordingly at the costs of the defendants.