408 P.2d 56

**William J. JONES, Plaintiff,**

v.

**Alfred HARPER, Defendant,**

v.

**Frank H. DERRICK, Jr., and Consolidated Music Company, a partnership, Third-Party Defendants-Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Inc., a corporation, Third-Party Defendant-Appellee.**

**No. 7744.**

Supreme Court of New Mexico.

Nov. 15, 1965.

James L. Dow, Carlsbad, for appellants.

Hinkle, Bondurant & Christy, Michael R. Waller, Roswell, for appellee.

CHAVEZ, Justice.

Third party defendants, Frank H. Derrick, Jr. and Consolidated Music Company, a partnership, appeal from an order granting a summary judgment in favor of Allstate Insurance Company, Inc., a corporation, third party defendant-appellee.

William J. Jones, plaintiff in the court below, filed suit seeking damages against

Alfred Harper for unlawful and malicious assault. The trial court heard the case without a jury and rendered judgment for plaintiff, awarding him both actual and punitive damages. Defendant Harper filed notice of appeal, which appeal was later abandoned.

Thereafter, plaintiff filed a motion for a charging order seeking to charge the assets of Consolidated Music Company, a partnership composed of Frank H. Derrick, Jr. and defendant Alfred Harper. Consolidated Music Company filed a petition to allow them to be joined as third party defendants which was granted. The trial court, after a hearing, entered an order charging all partnership assets with payment of the judgment entered in favor of plaintiff. Third party defendants filed a petition to join Allstate Insurance Company, Inc. as a third party defendant and the trial court entered an order joining said insurance company as a third party defendant.

Third party defendants, Derrick and Consolidated Music Company, filed a complaint praying judgment against Allstate Insurance Company. Allstate Insurance Company filed a motion for summary judgment and the trial court, after a hearing, granted the motion and entered an order dismissing the third party complaint of Frank H. Derrick, Jr. and Consolidated Music Company. It is from this order that appeal is taken. William J. Jones, the original plaintiff, and Alfred Harper, the original defendant, are not involved in this appeal. The trial court on its own motion entered an order modifying the charging order to the extent that it be a charge only against the interest of Alfred Harper in the partnership assets of Consolidated Music Company.

On the date of the assault Allstate Insurance Company, Inc., a corporation, hereinafter referred to as "Allstate," had in force a policy of insurance with defendant Alfred Harper and Frank H. Derrick, Jr., d/b/a Consolidated Music Company. The insurance contract provided:

"INSURING AGREEMENTS

"I  Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.
" *  *  *

"CONDITIONS

"(h) Assault and Battery. Assault and battery shall be deemed an accident unless committed by or at the direction of the insured.
" *  *  *

"PARTNERS  AS  NAMED  INSURED

"It is agreed that the policy applies to named partners of the partnership named in the declarations only while acting within the scope of their duties as such.

"Alfred D. Harper, Frank H. Derrick.

"* * *."

The assault and battery was committed by defendant Harper and was not committed by or at the direction of the insured, Consolidated Music Company or Frank H. Derrick, Jr. The trial court, in its decision, stated:

"* * * There has been no finding here, nor under the facts presented at the trial of the case could there be any finding sustained, that Harper, in the commission of the assault involved herein, was engaged in the ordinary course of the partnership business."

The court concluded:

"(b) There is no allegation that Harper was acting within the scope of the partnership business at the time of the assault, and indeed, all the evidence in the case tried by this Court made no suggestion that he was engaged in anything but a personal mission connected with his own personal past business transactions."

In its decision on the motion for summary judgment of appellee Allstate, the trial court found that the charging order was entered "with the consent and at the request of all the parties, obviously in an effort to bind this insurer."

After the entry of the summary judgment and after the trial court had entered its modified charging order so that the charging order ran only to the interest of Alfred Harper in the partnership, the partnership settled and paid the judgment.

Appellants' point I states:

"THE COURT ERRED IN ITS HOLDING: THAT A CHARGING ORDER ISSUED BY THE COURT AGAINST THE PARTNERSHIP UNDER PROVISIONS OF SECTION 66-1-28, N.M.S.A., 1953 COMP., AND ANY PAYMENT OF JUDGMENT MADE PURSUANT TO SAID ORDER BY THE PARTNERSHIP WAS NOT COVERED UNDER THE TERMS OF THE POLICY OF PUBLIC LIABILITY INSURANCE ISSUED BY APPELLEE ALLSTATE INSURANCE COMPANY TO APPELLANT CONSOLIDATED MUSIC COMPANY, THE INSURED THEREIN."

It is undisputed that the assault and battery committed by defendant Harper upon the plaintiff was committed by Harper while acting in his own behalf and not in a partnership capacity or on partnership business.

Appellants appear to argue that, since the assault was not committed by either of

them, Allstate's liability under the policy ·is plain under the first two provisions hereinbefore quoted. However, appellants are confronted with the third provision, also quoted above, that for liability on the policy to arise because of the conduct of one of the partners, it must appear that at the time he was acting within the scope of his duties as a partner.

Appellants contend that since defendant Harper's tort ʼwas committed outside the scope of the partnership's business, and was not committed at the direction of appellant Derrick or the partnership Consolidated Music Company, the assault was an "accident" as to the latter two by virtue of Condition (h), supra, and the insured became legally obligated to pay damages because of bodily injury sustained by any person and caused by accident. As we read the policy, it insures the partnership against liability for accidents arising out of activities within the scope of the business of the partnership.

Appellants seem to argue that the charging order is the connecting link. However, appellants are faced with § 66-1-28, N.M. S.A., 1953 Comp., providing that the court which entered the judgment may charge the interest of the debtor partner with payment of the unsatisfied amount. This section also provides for the appointment of a receiver of the debtor partner's share of the profits, etc. Nothing is found in this section that gives permission for the appointment of a receiver to operate the partnership, or making a judgment against a partner an obligation of the partnership.

Appellants cite Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, 305 N.Y. 243, 112 N.E.2d 273. In that case the court expressly found that the tort of the acting partner was committed within the ordinary course of the partnership's business so as to make the other partner vicariously liable therefor.

The other cases cited by appellants, Western Casualty & Surety Co. v. Aponaug Mfg. Co., (5 CCA 1952), 197 F.2d 673; Glens Falls Indemnity Co. v. Atlantic Bldg. Corp., (4 CCA 1952), 199 F.2d 60; Huntington Cab Co. v. American Fidelity & Casualty Co., (4 CCA 1946), 155 F.2d 117, are clearly distinguishable from the facts in the case before us and are of no help to appellants.

This court has held that the obligation of a liability insurer is contractual and is to be determined by the terms of the policy. Wolff v. General Casualty Company of America, 68 N.M. 292, 361 P.2d 330. It seems clear to us that neither the partners nor the insurance company intended to protect the partners individually from their own tortious acts which were outside the scope of the partnership business. Neither did they intend to create a new liability in the partnership when none previously existed, but intended protection on-

ly from liability because of accidents arising out of partnership operations.

■ We hold that, under the terms of the insurance policy in question, appellee Allstate has no obligation with regard to the judgment against defendant Harper and the trial court properly granted summary judgment.

Under point II appellants contend that the trial court erred in its original holding, that appellants Derrick and Consolidated Music Company consented to be charged with the payment of the judgment entered against Harper, when the record reflects that the charging order was issued by the trial court at the sole request of plaintiff Jones.

■ There is no merit in appellants' contention. The original charging order was entered erroneously and the trial court recognized this in its decision. Even if the trial court erred in its findings, that appellants "requested" or "consented" to the entry of the charging order, this error, if it is an error, would not be grounds for reversal of the judgment unless such errors are shown to be prejudicial or produced an

■

erroneous result. Southern California Petroleum Corp. v. Royal Indemnity Co., 70 N.M. 24, 369 P.2d 407.

Plaintiff Jones' motion asked that a charging order be entered against the partnership in which defendant Harper has an interest, subjecting his interest in the partnership property to the lien of the judgment, and whether appellants consented thereto is immaterial. The trial court evidently was under the impression that the statement of appellants' attorneys, that the motion should be allowed, amounted to a consent to the motion.

Appellants also contend that the trial court erred in granting summary judgment because there is a genuine issue as to a material fact. This contention is also without merit. Nowhere do appellants point to any material issue of fact which was before the trial court. Most of appellants' arguments are disposed of under our holding on point I.

Finding no error the judgment is affirmed. It is so ordered.

CARMODY, C. J., and MOISE, J., concur.