427 P.2d 29

**Albert TSOSIE, Plaintiff-Appellee,**

**v.**

**FOUNDATION RESERVE INSURANCE COMPANY, Inc., Defendant-Appellant.**

**No. 8137.**

Supreme Court of New Mexico.

May 1, 1967.

Leslie D. Ringer, Santa Fe, for appellant.

Palmer & Frost, Farmington, for appellee.

## OPINION

MOISE, Justice.

On February 10, 1964, defendant insurance company issued its policy insuring a 1959 Chevrolet pick-up truck owned by plaintiff-appellee against loss exceeding $100.00 on account of collision or upset. The policy term was for one year from its date.

On or about May 17, 1964, the insured vehicle was involved in an accident while being driven by plaintiff and was seriously damaged. A claim having been made by plaintiff, the defendant denied liability asserting that the issuance of the policy had been induced by fraud.

The court made the following findings in connection with the dealings between the parties:

"3. That defendant's agent, Jim Hum, asked plaintiff certain questions at the time of the issuance of the policy which questions were answered verbally by the plaintiff and were then reduced to writing by the defendant's agent, Jim Hum.

"4. That defendant's agent, in reducing the plaintiff's answers to writing did not accurately or completely reduce plaintiff's answers to writing.

"5. That plaintiff gave to defendant substantially accurate answers to questions asked by defendant's agent and gave a substantially accurate driving history to defendant.

"6. That the questions were asked and answers given for the sole purpose of determining the amount of premium to be charged for the policy and no actual reliance was placed thereon by defendant, in issuing the policy.

"7. That plaintiff, in answering the questions of the defendant, had no intention of deceiving the said defendant or its agent."

The court concluded that plaintiff had not been guilty of actionable fraud and that the policy of insurance was in effect and insured plaintiff against the damages to his pick-up.

Defendant appeals and attacks findings 5, 6 and 7, quoted above. It is defendant's position that when defendant's agent asked plaintiff whether his driver's license had been revoked or suspended within the preceding three years, plaintiff replied in the

negative, whereas in fact the license had been suspended for one year on March 18, 1963, and that finding No. 5 of the court that plaintiff's answers in the application were substantially accurate was accordingly not supported by the evidence.

Next, defendant attacks, as not supported by substantial evidence, finding No. 7 that plaintiff did not intend to deceive defendant or its agent. It is defendant's position that since plaintiff certainly knew of his license suspension, any assertion by him to the contrary which induced defendant to issue the insurance for which he was applying was fraud and the intention of plaintiff not to deceive is immaterial, citing Ham v. Hart, 58 N.M. 550, 273 P.2d 748 (1954) and Bennett v. Finley, 54 N.M. 139, 215 P.2d 1013 (1950).

Defendant further contends that the court erred in its finding No. 6, supra, and argues that the fact the inquiry concerning suspension of the driver's license was only for the purpose of arriving at the correct premium rate made the false answer no less material than if it had influenced the actual acceptance of the risk.

We are impressed that the issue which we are here called upon to determine is whether or not the failure of plaintiff to advise that he had no driver's license, it having been revoked, was a misrepresentation as to a fact material to the insurer's decision to accept the risk, or in its appraisal of the degree or character of the risk involved, or in fixing the rate of premium. Wallace v. World Fire & Marine Ins. Co., 70 F. Supp. 193 (S.D.Cal.1947) aff'd 166 F.2d 571 (9th Cir. 1948); Maryland Indem. & Fire Ins. Exch. v. Steers, 221 Md. 380, 157 A.2d 803 (1960); Fidelity & Cas. Co. of New York v. Middlemiss, 103 Utah 429, 135 P.2d 275 (1943); Inter-Ocean Ins. Co. v. Harkrader, 193 Va. 96, 67 S.E.2d 894 (1951). We recognize the correct rule of law applicable in insurance cases to be no different than we apply in other mercantile transactions as announced in Ham v. Hart, supra, and Bennett v. Finley, supra. See 12 Appleman, Insurance Law and Practice § 7294 (1943); Ivory v. Reserve Life Ins. Co., 78 S.D. 296, 101 N.W.2d 517 (1960).

The difficulty with defendant's position arises out of the fact situation presented. As already noted, in finding No. 3 the court found that defendant's agent did not accurately reduce plaintiff's answers to writing. This finding is not attacked. There is testimony that the agent was told by the plaintiff that he had been refused insurance; that he had been cited for reckless driving, driving while intoxicated, and reckless driving while participating in a speeding contest; that he had been involved in an accident with his employer's car. He signed the application for insurance, in blank, and also signed a "supplementary rating statement" which was not properly completed by defendant's agent, as required

by defendant thereby not conveying any information. Moreover, the "declarations" in the policy do not conform to what plaintiff testified he told defendant's agent in response to his questions. In addition to the exceedingly bad driving record which plaintiff testified he detailed to defendant's agent, the only item which admittedly he did not tell about was the revocation of his driver's license. There is nothing in the record to indicate the materiality of this single item. Plaintiff stated he had been cited for driving while intoxicated for which the penalty upon conviction is mandatory revocation of the driver's license (See N.M.Stat.Ann. § 64–13–59 (Repl. 1960)). It does not appear that any additional inquiry was made as to whether plaintiff had been convicted, or concerning the penalty imposed. Even though it is claimed that a truthful answer would have altered the premium, no assertion is made that the policy would not have been written but, to the contrary, it would have been. Nor does it appear that any note was taken of, or the premium increased because of, any of the plaintiff's other violations except one of reckless driving or careless driving for which a fine of over $25.00 was paid.

▉ Aside from any question which may be present as to the effect of the failure of defendant's agent to make further inquiry to avoid being misled (Columbian Nat'l Life Ins. Co. v. Rodgers, 116 F.2d 705 [10th Cir. 1940] cert. denied, 313 U.S. 561, 61 S. Ct. 838, 85 L.Ed. 1521 [1941]) the agent's disregard of the information that was given could properly be considered by the court in determining the issue of materiality and reliance.

It is not clear that if the agent had been told that plaintiff's license had been suspended any different premium would have been charged. The uncertainty arises because the agent failed to note and increase the premium as required under defendant's method of operation, upon being advised of various citations and arrests. Under the circumstances can we say that suspension of the driver's license would have been considered any more important than the other matters about which the agent was told and which he failed to note, as found by the court? As stated by the Supreme Court of Maryland in Maryland Indem. & Fire Ins. Exch. v. Steers, supra, "It is difficult to believe that a misstatement with regard to a matter as to which the insurer was so indifferent could constitute a material misrepresentation."

▉▉ The trial court made no finding on the question of materiality or reliance by the defendant. There can be no question that ordinarily such issues are for the trier of the facts, and that the burden of proof is on the defendant insurance company. See cases cited from many jurisdictions in Annot., 89 A.L.R.2d 1027, 1028 (1963).

**676**

The defendant requested the court to find misrepresentation in failing to disclose suspension of the license, and that the same was material. However, the court did not do so, and made no finding on the issue. In such a situation the rule comes into play that failure to make a finding on a fact material to determination of an issue in the case will be regarded as a finding against the party having the burden of proof of that issue. Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852 (1963). When it is thus determined that the insurer's conduct would not have been altered in either accepting the risk, or in the premium that would have been charged, the conclusion follows that the policy should not be cancelled for fraud. See Mayflower Ins. Exch. v. Gilmont, 280 F.2d 13, 89 A.L.R.2d 1019 (9 Cir. 1960) where judgment in favor of an insured was reversed, but the cause was remanded so that a determination could be made on the question of the materiality of the false representations to the issuance of the policy. See also, Annot., 89 A.L.R.2d 1027, 1028.

The instant case is similar to Moseley v. Nat'l Bankers Life Ins. Co., 66 N.M. 330, 347 P.2d 755 (1959), wherein we recognized the rule here being applied and determined that there was an absence of proof upon which to base a determination that false statements in insured's application materially affected acceptance of the risk or the hazard assumed by the insurer.

The rule announced in Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962) is applicable in fraud actions seeking damages. It does not apply in a case such as we are here considering where liability under a contract is sought to be avoided because of claimed fraudulent misrepresentations. The controlling rule here is that announced in Ham v. Hart, supra. The trial court erred in applying the actionable fraud rule of Sauter, supra, as it is evident it did in conclusion No. 4. However, this does not alter the result reached as pointed out above. A court will not be reversed when it has arrived at the correct result for a wrong reason. Jones v. Harper, 75 N.M. 557, 408 P.2d 56 (1965); Southern California Petroleum Corporation v. Royal Indemnity Company, 70 N.M. 24, 369 P.2d 407 (1962); Schultz v. Ramey, 64 N.M. 366, 328 P.2d 937 (1958).

Defendant's last point is directed at claimed error in the court's finding that defendant had taken possession of the salvage. However, since defendant was permitted to retain the salvage, it was not prejudiced by the finding. Accordingly, we do not consider the point.

Finding no reversible error, it follows that the judgment should be affirmed.

It is so ordered.

CHAVEZ, C. J., concurs.

OMAN, Judge, Court of Appeals (specially concurring).

I concur in the opinion of Justice Moise. However, I do so only because I am firmly convinced that material distinctions exist between the facts in this case and the facts in Modisette v. Foundation Reserve Insurance Company, 77 N.M. 661, 427 P.2d 21, decided this date, and that these material distinctions require a result different from that reached in Modisette.

The material facts in Modisette are set forth in the opinion in that case. I shall not endeavor to here repeat any of those facts.

As stated in the opinion in the present case, the defendant predicated its appeal upon claimed errors of the trial court in making its findings 5, 6 and 7, which are set forth in the opinion. To avoid any possible misconstruction of the defendant's position, the points relied on are hereinafter set forth.

The first point relied upon for reversal is as follows:

"The Court erred in finding that the answers given by plaintiff to defendant on plaintiff's application were substantially accurate (See Finding of Fact No. 5 and Defendant's Requested Finding of Fact No. 1)"

Defendant's requested finding of fact No. 1 is:

"In the instant case, the plaintiff stated to the defendant's agent at the time of applying for the policy that he had not had his driver's license cancelled within the preceding 36 months. This was a misrepresentation."

Finding of fact No. 5 makes no reference to "answers given by plaintiff to defendant on plaintiff's application," but only "that plaintiff gave defendant substantially accurate answers to questions asked." In fact, no answers whatsoever appear on the plaintiff's application.

There can be no doubt that plaintiff did make the misrepresentation claimed in defendant's requested finding of fact No. 1. He so admitted.

Even if it be conceded, for the sake of the argument, that because of the one false statement there was no substantial evidence to support the court's finding that plaintiff "gave to defendant substantially accurate answers to questions asked by defendant's agent and gave a substantially accurate driving history to defendant," this still does not establish the materiality of this false statement.

The determining question in this case, in my opinion, is the materiality of this misrepresentation.

"A representation or concealment of a fact is material if it operates as an inducement to the insurer to enter into the con-

tract, where, except for such inducement, it would not have done so, or would have charged a higher premium. * * *" Modisette v. Foundation Reserve Ins. Co., supra.

Defendant's second point relied upon for reversal is that:

"The Court erred in finding that in answering the questions of defendant, plaintiff had no intention of deceiving defendant (See Finding of Fact No. 7, Tr. 69, and Defendant's Requested Finding of Fact No. 5, Tr. 61)."

. Defendant's requested finding of fact No. 5 is: "One or more of such misrepresentations of plaintiff were made knowingly."

It is recognized in the opinion that the correct rule of law applicable in insurance cases is no different than that applicable in mercantile transactions. The rule is that if a misrepresentation be made, or information be withheld, and such be material to the contract, then it makes no difference whether the party making the misrepresentation or withholding the information acted innocently or with an intent to deceive. Bennett v. Finley, 54 N.M. 139, 215 P.2d 1013 (1950); Ham v. Hart, 58 N.M. 550, 273 P.2d 748 (1954); Modisette v. Foundation Reserve Ins. Co., supra.

As already stated, the controlling question is that of the materiality of the misstatement, and the court's finding that plaintiff had no intention of deceiving defendant is of no importance.

The defendant's third point relied upon for reversal reads:

"The Court erred in finding that the discussion with plaintiff was solely for determining the amount of premium to be charged and that defendant did not rely on it in issuing the policy (Finding of Fact No. 6, Tr. 69; see Defendant's Requested Finding No. 9, Tr. 62)."

The defendant's requested finding of fact No. 9 is that:

"True answers were needed by defendant in order to determine the desirability of plaintiff as an insurance risk, and to determine the proper premium to charge plaintiff for the insurance. Such questions and answers therefore were material."

The defendant's agent, who issued the policy and who asked the questions of plaintiff, testified as follows:

"Q. Do you know the purpose of asking those questions?

"A. That is the basis to which you arrive at your premium.

"Q. Did you discuss with Mr. Tsosie in any manner or any degree the reason for asking these questions?

"A. Only to tell him the answers of these questions would help me to arrive at

a premium which he was going to be charged.

"Q. And the reason you asked him these questions was to determine the amounts of premium?

"A. Right.

"Q. Was that the only purpose?

"A. That would be my only purpose, yes."

This testimony alone supports the finding of the trial court, even if we were to disregard the other evidence in the case.

As to the materiality of the misrepresentation, the court made no finding one way or the other. As pointed out in the opinion, this amounted to a finding on this question against the defendant, if there is substantial evidence to support such a finding. Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852 (1964); Hoskins v. Albuquerque Bus Co., 72 N.M. 217, 382 P.2d 700 (1963).

This court must view the evidence in the light most favorable to support the trial court's finding, or a jury verdict, and before reversing must be convinced that the finding, or verdict, cannot be sustained either by the evidence or inference therefrom. Hoskins v. Albuquerque Bus Co., supra; Perschbacher v. Moseley, 75 N.M. 252, 403 P.2d 693 (1965); Varney v. Taylor, 77 N.M. 28, 419 P.2d 234 (1966).

In addition to the above-quoted testimony of the defendant's agent who issued the policy as to his purpose in asking the questions, I would point out that the printed application form calls for the information as to the plaintiff's driving record within the past 36 months; whether or not during this time he has had insurance coverage declined, cancelled, cancellation requested, or renewal refused; whether or not during this time he had been involved in more than one accident; whether or not during this time he had a driver's license suspended, placed on probation, or revoked; and other matters pertinent to his desirability as an insurance risk and the premium to be charged, as well as such matters as his name and address, the policy period, description of the vehicle, uses to be made of the vehicle, etc. This application form was signed in blank by plaintiff, but the agent did not fill in one single blank. Thus, it contains absolutely no information concerning the plaintiff, other than his signature, which was affixed at the bottom thereof.

A supplementary rating statement was also signed by plaintiff and the agent. This was a form provided by defendant to its agent for the purpose of rating the applicant according to a merit plan and rating schedule. As stated in the opinion, this was not properly completed by the agent; and it is difficult, if not impossible, to look at this rating statement as completed by the agent.

**680**

and ascertain therefrom the reason for the checkmarks placed thereon.

The opinion also sets forth the fact that plaintiff did make truthful answers to many questions asked concerning his driving record, etc., which would have affected his rating had the agent chosen to consider and correctly record the same on the rating statement. Two of these matters about which he told the agent were that SIC had just refused to write him insurance, because he had been charged with reckless driving and DWI in 1962, and that he had been charged with reckless driving and DWI within the last 36 months in connection with another accident.

I believe that under these facts the question of the materiality of the misrepresentation was one of fact. See Maryland Indemnity & Fire Ins. Exch. v. Steers, 221 Md. 380, 157 A.2d 803 (1960); Mayflower Ins. Exch. v. Gilmont, 280 F.2d 13, 89 A.L.R.2d 1019 (9th Cir.1960); Annot., 89 A.L.R.2d 1027.

I also believe that viewing this evidence in the light which we must on appeal, a finding that the misrepresentation was not material to either the issuance of the policy or to the amount of premium to be charged is supported by the evidence.

For the reasons stated in the opinion and in this specially concurring opinion, I concur in the result reached by Justice Moise.

NOBLE and CARMODY, Justices (dissenting).

It is axiomatic that a proper result cannot be reached by starting with an erroneous premise. In our view, the majority rest the opinion upon a determination that plaintiff's failure to advise the insurance company that his driver's license had been revoked because of a conviction of driving while intoxicated was not a misrepresentation of a fact material to the insurer's decision whether to accept the risk, or in its appraisal of the degree of risk involved, or in fixing the rate of premium.

The majority can only reach that determination by erroneously applying the rule that where the court has failed to find on any material issue, it is deemed to have been found against the party having the burden of proof. They, thus, jump at once to the conclusion necessary to support the result reached by them, that the applicant's failure to disclose the license revocation did not affect the insurer's position either in accepting the risk or in fixing the premium to be charged.

That rule, of necessity, is clearly inapplicable under the circumstances of the instant case. The rule of a presumptive finding can never be substituted for substantial evidence to support such finding. Such a presumed finding, if adopted, would be contrary to the undisputed evidence and oth-

er legal presumptions which would require it to be immediately set aside.

The fact that there is no basis for such a determination is conclusively established by a provision of the policy itself stating that the insured agrees that the statements and declarations constitute his representations, and that the policy is issued in reliance upon the truth of such representations. The parties have, therefore, agreed that these representations are material and, having so agreed, the insurance company's reliance follows as a matter of law. Modisette v. Foundation Reserve Ins. Co., 77 N.M. 661, 427 P.2d 21, decided this date; 12 Appleman, Insurance Law & Practice, § 7295; Merchants Nat'l Bank of Newburyport v. New York Life Ins. Co., 346 Mass. 745, 196 N.E.2d 201; Kentucky Cent. Life & Acc. Ins. Co. v. Lynn, 304 Ky. 416, 200 S.W.2d 946; Fire Ass'n of Philadelphia v. Ward, 130 W.Va. 200, 42 S.E.2d 713. The insurer is presumed to have relied upon such representations. Danaher v. United States, 184 F.2d 673 (8th Cir. 1950).

The majority emphasize the testimony of the plaintiff that he correctly informed the company's agent of the answers to all questions contained in the declaration and in the supplementary rating statement, except the fact that his driver's license had been revoked because of a conviction of driving while intoxicated. They then assume that because the company's agent did not properly fill in blanks reflecting answers to other questions, the company would not have placed any more importance to the revocation of a driver's license than to other answers which the agent failed to note.

An application for an insurance policy is an offer, intended to be relied upon and to become a part of the contract when accepted. Minich v. M. F. A. Mutual Ins. Co., (Mo.App.), 325 S.W.2d 56. A material misrepresentation made by an applicant for insurance, in reliance on which either the policy is issued or the premium to be charged therefor is fixed, renders the policy voidable. See Gooch v. Motors Ins. Co., (Mo.App.), 312 S.W.2d 605. Absent fraud or mistake, one is bound by his written contract and an application and declaration being a part of the offer is contractual in its nature. Dickinson v. Bankers Life & Cas. Co. (Mo.App.), 283 S.W.2d 658. Applying these fundamentals, the courts are virtually unanimous in holding that failure to disclose that the applicant had previously had his driver's license revoked for driving while intoxicated was material to the risk and grounds for avoidance of the policy. State Farm Mutual Auto Ins. Co. v. Gaekle, 131 F.Supp. 745 (N.D.Ind.1955); Maryland Cas. Co. v. Eddy, 239 F. 477 (6th Cir. 1917); Harris v. Allstate Ins. Co., (Tex.Civ.App.), 249 S.W.2d 669; Strong v. State Farm Mutual Ins. Co., 76 S.D. 367, 78 N.W.2d 828; Republic Mutual Ins. Co. v. Wilson, 66 Ohio App. 522, 35 N.E.2d 467;

Kravit v. United States Cas. Co., 278 Mass. 178, 179 N.E. 399.

One difficulty with the position of the majority is that the plaintiff admitted that he signed the instruments in blank. Under similar situations, a contention that the company's agent by not correctly filling out the answers did not rely upon the answers given has been rejected. Cypher v. Nat'l Acc. & Health Ins. Co., 155 Pa.Super. 487, 38 A.2d 543; Prevete v. Metropolitan Life Ins. Co., 343 Pa. 365, 22 A.2d 691; Richardson v. Alta Life Ins. Co., 153 Pa. Super. 310, 33 A.2d 783; Beasley v. Metropolitan Life Ins. Co., 190 Tenn. 227, 229 S.W.2d 146. Even a contention that a fraud on the company was committed by the company's agent in unfaithfully recording the answers to the questions is unavailing where the applicant failed to read the instrument he signed. It seems to be settled that the applicant's duty is to do everything reasonably within his power to see that the statements contained in the application are, in fact, true. By failing to read the instrument after it is filled out, the applicant himself becomes a party to the fraud on the insurance company and cannot recover on the policy. Cypher v. Nat'l Acc. & Health Ins. Co., supra.

Under the undisputed evidence, the failure to advise of the license revocation constituted a misrepresentation of a material fact in the application, declaration and supplemental rating statement which was material to the risk involved and concerned the rate to be charged for premiums. The applicant was bound by it, and the company had a right to either void the policy or increase the premium.

It was contended in Stockinger v. Central Nat'l Ins. Co., 24 Wis.2d 245, 128 N.W.2d 433, as here, that the misstatements only concerned rating factors rather than whether the policy would have been issued. That court said:

"* * * This argument is, at best, an exercise in semantics, for it may be assumed that premium rates are directly proportional to the risk involved. It is a matter of common knowledge that automobile insurance companies charge higher premiums for under twenty-five drivers because of the greater risks involved in insuring such drivers. * * *"

Certainly, it can be assumed that an insurance company charges those who have had a driver's license revoked for driving while intoxicated a higher premium because of the greater risk involved.

The judgment should be reversed with instructions to enter a judgment declaring the policy void. For the reasons stated, we are unable to agree with the majority and, therefore, dissent.