THE CONNECTICUT GENERAL LIFE INSURANCE CO. *v.* RICHARDSON.

*Accident insurance — Construction and remedies — Ohio or foreign laws control, when — Misrepresentation by applicant — Section 9391, General Code, applies, when — Accidental death, drowning or suicide.*

1. The validity, nature and effect of a contract are governed by the law of the place with reference to which such contract is made.
2. Where a statute relates to a remedy the law of the place where the court sits governs.
3. Section 9391, General Code, relating to misrepresentations by an applicant for insurance, is applicable to a policy of accident insurance.

(Decided June 18, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Mr. W. J. Hammersly; Mr. Louis B. Sawyer* and *Messrs. Robertson, Buchwalter & Oppenheimer,* for plaintiff in error.

*Mr. Robert Ramsey,* for defendant in error.

CUSHING, J.   Defendant in error, Gertrude Galt Richardson, recovered a judgment on an accident insurance policy issued by plaintiff in error, insuring Charles C. Richardson against loss resulting from bodily injuries and death through external, violent and accidental causes.

The petition stated that Charles C. Richardson died December 31, 1915, from external, violent and accidental means, viz., by drowning; that he had performed his part of the contract; that proofs of loss were made according to provision of the policy, and that the company refused payment under the policy.

The amended answer admitted incorporation and undisputed facts.   It defended on three grounds: that the statement in decedent's application that he had not been refused insurance in this or any other company was false; that the answer to question M in the application was false; and that the answer to question P in the application was false.   The reply to the answer was a general denial.

Four questions are presented by this record:

1. That the policy was a New York contract and the court erred in holding that the issue of misrepresentation was to be determined by the law of Ohio.

2. That the Ohio statute regarding misrepresentation has no application to accident insurance.

3. That the plaintiff failed to meet the burden of proving accidental death and in overruling defendant's motion for a peremptory instruction.

4. That the alleged misrepresentations in the application were shown without a conflict of testi-

mony, and the refusal of the court to give a peremptory instruction on that ground was error.

These questions will be considered in the order stated.   Section 9391, General Code, provides:

"No answer to any interrogatory made by an applicant, in his or her application for a policy, shall bar the right to recover upon any policy issued thereon, or be used in evidence upon any trial to recover upon such policy, unless it be clearly proved that such answer is wilfully false, was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued; and, also that the agent or company had no knowledge of the falsity or fraud of such answer."

The claim is made that as the agent of Richardson resided in New York and the policy was countersigned and delivered there, it was a New York contract and the statute of Ohio was inapplicable. There is no question as to the validity of the contract raised in this case.   The section under consideration provides what must be established before any answer in an application will bar a recovery, and under what conditions such an application may be used in evidence on a trial to recover on a policy of insurance.

The validity, nature and effect of a contract are governed by the law of the place with reference to which it is made.   Where a statute relates to the remedy the rule is that the law of the country where the court sits shall govern.

"But not that portion which relates to matters of procedure only, such as the admission of evidence, and the rules of evidence.   The latter are

matters which affect the remedy, and are governed by the law of the country where the court sits which is asked to enforce the contract." *Union Central Life Ins. Co.* v. *Pollard,* 94 Va., 146; *Mass. Benefit Life Assn.* v. *Robinson,* 104 Ga., at 286, 287; *Nelson* v. *Nederland Life Ins. Co., Ltd.,* 110 Iowa, 600, and *New York Life Ins. Co.* v. *Block et al.,* 2 O. D., 321.

Section 9391, General Code, is remedial. It provides when an application for insurance may be used in evidence, and when it will bar a recovery in an action on a policy based on such application.

Counsel for plaintiff in error contend that Section 9391, General Code, is not applicable to a policy of accident insurance, and the history of the statute is traced to establish that the intent of the legislature was to confine the operation of that section to life insurance. An examination of the arguments and authorities in support of them is foreclosed by the affirmance by the supreme court, in 73 Ohio State, 340, of the case of *Standard Life & Accident Ins. Co.* v. *Sayler, Exr.,* 15 O. D., 137. Counsel for plaintiff in error represented the insurance company in that case. It established the law that an insurance company doing a business of "life" and "accident" insurance is within the purview of old Section 3626, Revised Statutes, the predecessor of Section 9391, General Code. The presumption is that the codification of that section did not change its meaning or effect. *State, ex rel. Baumgartner,* v. *Stockley,* 45 Ohio St., 304, 309; *Allen* v. *Russell,* 39 Ohio St., 336; *City of Warren* v. *Davis,* 43 Ohio St., 447; *State, ex rel.,* v. *Commrs. of Shelby Co.,* 36 Ohio St., 326,

330, and 2 Sutherland on Statutory Construction (2 ed.), Section 451.

The court did not err in applying that section in the trial of this case.

On the question that the plaintiff failed to meet the burden of proof that death was caused through external, violent and accidental means. The deceased, when last seen alive, was at the reservoir getting a drink of water, which act required him to reach a short distance over the concrete wall toward the center of the reservoir. Some hours afterward his body was found in the water.

In submitting the fact to the jury on this issue the trial court correctly stated the law. It required the jury to consider and determine whether the death was caused by external, violent and accidental means, or whether disease or other cause directly contributed to the death.

If the contentions of plaintiff in error are correct, when a human being is last seen standing near a body of water, and some hours later his drowned body is found in the water, suicide will be presumed, in the absence of direct proof of accident.

It is the law of Ohio that when a person is drowned, the presumption is against suicide. *Travelers' Ins. Co.* v. *Rosch,* 3 C. C., N. S., 156, affirmed 69 Ohio St., 561.

The fourth ground urged by plaintiff in error, that the policy was void for misrepresentations in the application and error of the trial court in refusing a peremptory instruction on that ground, will not be discussed. The basis of counsel's contention is that this is a New York contract and

that Section 9391, General Code, is not applicable. We have found that the law of Ohio on insurance policies relates to the remedy, and that by a decision of the supreme court of Ohio, above referred to, Section 9391 is applicable to injuries resulting in death. The court, therefore, properly overruled the motion for a peremptory instruction. The materiality of the representations by decedent was fairly submitted to the jury. Its verdict will be regarded as a finding that any untrue representations were not material.

*Judgment affirmed.*

SHOHL, P. J., and HAMILTON, J., concur.