Taet, J.,
concurring. In view of our decision in Standard Life & Accident Ins. Co. v. Sayler (1905), 73 Ohio St., 340, 78 N. E., 1137, indicating that what is now Section 3911.06, Revised Code,[1] applies to the answers of the insured referred to in the syllabus in the instant case, I have considerable doubt as to the soundness of at least some of the pronouncements of law made in that syllabus.
In the Sayler case, this court affirmed without opinion the judgment of the Superior Court of Cincinnati. It appears from the opinion of that court which is reported in 15 O. D., 137, that the plaintiff there argued that what is now Section 3911.06, Revised Code, applied only to ordinary life insurance and not to the “accident” policy there involved. In rejecting that argument, the court said:
“A policy of insurance issued by a so-called ‘accident’ company, as applicable to injuries resulting in death, is but a contract of life insurance limited to specified risks; that is, a policy on the life of a person, but insuring against death from certain specified risks.” '
The same holding was made in Connecticut General Life Ins. Co. v. Richardson (1919), 11 Ohio App., 405 (motion to certify *26 overruled 17 O. L. R., 365, 64 Bull., 462). See also 30 Ohio Jurisprudence (2d), 403, 404, Section 443.
In the instant case, the policy specifically provides "benefits for loss of life” as did the policies in the Sayler and Richardson cases.[2]
In 1947, the General Assembly enacted what are now Sections 3923.01 to 3923.22, Revised Code, relating to "sickness and accident insurance.” That these sections apply to the policy in the instant case is apparent from a reading of Section 3923.01, Revised Code. There are no words in those statutory sections which express a legislative intent to no longer have Section 3911.06, Revised Code, apply to an accident policy that provides benefits for loss of life. An argument might be made that such an intent should be implied from the provisions of Section 3923.14, Revised Code.[3] However, amendments by implication are "not favored.” State v. Fremont Lodge of Loyal Order of Moose (1949), 151 Ohio St., 19, 26, 84 N. E. (2d), 498 (paragraph ten of the syllabus), Henderson, Clerk of Council, v. City of Cincinnati (1909), 81 Ohio St., 27, 31, 89 N. E., 1072. See also 37 Ohio Jurisprudence, 379, Section 108.
The Court of Appeals in its journal entry gave only two reasons for rendering the only part of its judgment that is now before this court for review:
(1) "that the plaintiff * # * failed to present any proof that said plaintiff * * * was under the professional care and regular attendance of a legally qualified physician or surgeon *27 for each of the months from July 3,1956, through June 22,1957, for which benefits were claimed in the sum of $2,000, and”
(2) “that the plaintiff * * * failed to present any medical proof in support of his claims for benefits for said period.”
The significance of the first of the above reasons given by the Court of Appeals is apparent from the provisions of part B of the policy reading:
“This policy does not cover any loss * * * resulting from * * * (f) injury or sickness for any period during which the insured is not under the professional care and regular attendance of a legally qualified physician or surgeon, other than himself. ’ ’
The words “any proof” used by the Court of Appeals were not intended to mean “any proof of loss” as plaintiff contends. This is apparent from the opinion of the Court of Appeals reading in part:
“* # * there was no proof submitted by the plaintiff supporting the requirement of the policy that liability cannot be established under part E (f) of the contract unless the assured is, during the entire period for which benefits are claimed, under the ‘professional care and regular attendance’ of a duly licensed physician. The only evidence as to this requirement of the policy * * * is found in plaintiff’s exhibits Nos. 5 to 9 * * *. These reports account for the period from April 3 to July 3 inclusive, or for a period of three months. There being no evidence whatever on this necessary element of plaintiff’s case for each of the months from July 3 until the filing of the petition,
* * * final judgment is entered for [defendant for those months].”
Even if we assume that plaintiff was excused from furnishing proofs of loss for the period after July 3, 1956, as plaintiff contends, that would certainly not excuse plaintiff from offering some evidence at the trial tending to prove that, during the period for which he sought benefits of $200 per month, plaintiff had the kind of “loss * * * from injury” covered by the terms of the policy.
Hence, I concur in the judgment being rendered herein for the first reason given by the Court of the Appeals for the part of the judgment of that court now under review by this court.
O’Neill, J., concurs in the foregoing concurring opinion.

 That section reads:
“No answer to any interrogatory made by an applicant in his application for a policy shall bar the right to recover upon any policy issued thereon, or be used as evidence at any trial to recover upon such policy, unless it is clearly proved that such answer is willfully false, that it was fradulently made, that it is material, and that it induced the company to issue the policy, that but for such answer the policy would not have been issued, and that the agent or company had no knowledge of the falsity or fraud of such answer.”

 Although the opinions in Republic Mutual Insurance Co. v. Wilson (1940), 66 Ohio App., 522, 35 N. E. (2d), 467, and Burpo v. Resolute Fire Ins. Co. (1951), 90 Ohio App., 492, 107 N. E. (2d), 227, contain statements that what is now Section 3911.06, Revised Code, is applicable only to life insurance, the policies in those cases did not contain any provisions for death benefits and hence neither court even considered whether that statute would apply to an accident policy that did.

 At the time of the application in the instant case, that section read in part:
“The falsity of any statement in the application for any policy of sickness and accident insurance shall not bar the right to recovery thereunder, unless ' such false statement materially affects either the acceptance of the risks or the hazard assumed by the insurer.”
That section as subsequently amended in 1956 and as now in force was obviously patterned after Section 3911.06, Revised Code.