SPRIGGS, APPELLEE, *v.* MARTIN, APPELLEE; ALLSTATE
INSURANCE CO., APPELLANT.*

---

*Motion to certify the record overruled (37270), December 13, 1961.

530

*Messrs. Durbin, Navarre, Rizor & Dapore*, for plaintiff-appellee.

*Mr. James C. Blair*, for defendant-appellee.

*Messrs. Bentley, Cory, Boesel & Leonard* and *Mr. William H. Selva*, for appellant.

GUERNSEY, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court in an action on a supplemental petition filed under the provisions of Section 3929.06, Revised Code, to obtain judgment against the Allstate Insurance Company, hereinafter referred to as appellant, to satisfy a judgment previously obtained by plaintiff, appellee, Spriggs, against defendant, appellee, Martin, it being alleged that appellant had insured Martin under a policy of automobile liability insurance in effect at the time of the collision on which the first judgment was based. In its answer, appellant admitted the judgment against Martin, but alleged that the policy issued to Martin was void *ab initio* for the reason that the written application for the insurance "contained representations made by Larry D. Martin which he knew to be false, untrue and fraudulent which were relied upon by defendant Allstate Insurance Company." Appellant alleged further that the premium paid by Martin had been returned to him, and it appears in evidence that Martin received a check for the same which he had not cashed prior to the time of trial.

The action was tried to the court, without a jury, and the court rendered judgment in favor of the plaintiff. In its journal entry of judgment the trial court made certain findings of fact and conclusions of law, including the following:

"* * * The defense set up in the answer of the Allstate Insurance Company is a defense of fraud in the inducement for the said defendant to issue the insurance policy in question. This is an affirmative defense and the said defendant has the burden of establishing the alleged fraud by clear and convincing evidence.

"* * * The court further finds that defendant Allstate Insurance Company has not sustained its burden of proof as to the requirements that any misrepresentation made by the assured,

Larry D. Martin, must have been made with knowledge of its falsity, and made with intent to mislead said insurance company into issuing the policy.''

During oral argument of this appeal, appellant, for the first time, claimed that the reply filed by Spriggs joined issue solely on the materiality of the representations made by Martin. Indeed, reference to the cursory reply shows that Spriggs merely denied ''that the said representations of defendant Larry D. Martin as set forth in said answer were material and therefore did not void said insurance policy.'' However, an examination of the bill of exceptions shows that the cause was tried without objection as though issue were joined on all the new matter alleged in the affirmative defense in appellant's answer, as though each of such allegations had been denied, and each party introduced evidence on all the subordinate issues pertaining to fraud, not merely evidence relating to the materiality of the representations made by Martin. Under these circumstances, it is now too late to raise an objection grounded on the failure to fully join issue on this new matter, the failure thereof being deemed waived. See 43 Ohio Jurisprudence (2d), 177, Pleading, Section 163, and authorities therein cited.

Appellant assigns error in three particulars:

''1. The judgment is contrary to law and the court erred in overruling defendant's motion for judgment notwithstanding the verdict.

''2. The court erred in requiring defendant, Allstate Insurance Company, to prove its case by greater proof than required by law.

''3. The court erred in overruling defendant Allstate's motion for a new trial.''

As argued by appellant, these assignments of error pertain only to the questions whether the trial court applied the proper degree of proof to appellant's burden of proving its affirmative defense, and, if so, whether the evidence supported the conclusion of the trial court that the burden had not been met.

Before determining the degree and character of proof applicable to appellant's defense we must first determine the kind and character of the declaration alleged to have been made by Martin on which such defense depends. There is often only a slight difference in the phraseology of a representation, a war-

ranty, and a condition, but considerable difference in their respective effects. Fraud must usually be proved with respect to a representation, whereas the proof of the falsity of a warranty or the failure of a condition may, without proof of fraud, be sufficient to vitiate and void a contract of insurance. A representation tends to induce the underwriter more readily to assume the risk, whereas a warranty is a stipulation in writing on the face of the policy, on the literal truth of which the validity of the entire contract depends. *Hartford Protection Ins. Co.* v. *Harmer*, 2 Ohio St., 452, 463.

In this case, a declaration was made by Martin in the application of insurance over his signature, with respect to the noncancellation of policies by other insurance companies. There was evidence upon which it could be concluded that a policy had been cancelled by another insurance company and that the declaration was, in fact, false. However, since the policy specifically states that it is issued in reliance upon the declarations contained in the policy, and does not state that it is issued in reliance upon the declarations contained in the application, we are concerned with the terms of the policy and not with the terms of the application.

The preamble to the policy states:

"In reliance upon the declarations on the supplement page and subject to all the terms of this policy and for payment of the premium, Allstate makes the following agreements with the named insured."

At the end of the policy appears the following:

"By acceptance of this policy the named insured agrees that the declarations on the supplement page are his agreements and representations, and that this policy embodies all agreements, relating to this insurance, existing between himself and Allstate or any of its agents."

Attached to the policy as a part thereof is the "Supplement Page," on which appears the following declaration:

"10. During the past two years, with respect to the named insured or any member of his household, (1) no insurer has cancelled or refused or given notice that it intends to cancel or refuse any similar insurance nor (2) has any license or permit to drive an automobile been suspended, revoked or refused."

This declaration is in phraseology similar to that con-

sidered by the Court of Appeals for Cuyahoga County in *Burpo* v. *Resolute Fire Ins. Co.*, 90 Ohio App., 492, where it was held that the mere falsity of the declaration was sufficient to preclude liability of the insurer on the policy . However, it will be observed that in the *Burpo case* the policy specifically provided that it "shall be void if the insured has concealed or misrepresented any material fact" and that "the insured agrees * * * that this policy is issued in reliance *upon the truth* of such representations." (Emphasis added.) In the case before this court there is no similar provision in the policy making it void and no statement that the policy has been issued in reliance *upon the truth* of any declaration.

We have noted with interest the following quotation from 29 American Jurisprudence, 1032, Insurance, Section 776, quoted in appellant's brief:

"A statement by an applicant for insurance as to prior applications or rejections is material as a matter of law, and if false, avoids the policy regardless of the good faith of the applicant and regardless of whether the statement constitutes actual fraud."

We have examined every case cited in American Jurisprudence as authority for this statement and find that in each case there was either an express warranty or a declaration construed by the court to be a warranty, or that the decision involved the application of a statute. We have also examined the annotation therein cited (120 A. L. R., 1433), and observe that the cases in the annotation can likewise be distinguished, or, are confined to life insurance policies, as is the annotation.

We are constrained to follow the usual rule pertaining to insurance contracts that in the event a controversy occurs over an ambiguity in the meaning of the terms of a policy prepared by the insurer, the policy must be given, if it reasonably can be done, an interpretation favorable to the insured to afford the protection for which a premium has been paid. See *Metropolitan Life Ins. Co.* v. *Howle*, 62 Ohio St., 204. Following this rule, we conclude that the declaration in question constituted a representation and not a warranty.

It was therefore incumbent upon appellant to establish by the requisite degree and character of proof that the representation made by Martin made the policy void.

In determining the degree and character of proof necessary, we encounter, both in the citations of the parties and in the case law generally applicable, an apparent confusion involving a variation of rules, which variation sometimes depends upon the type of policy involved. This apparent confusion is not diminished by the fact that Ohio has at least two statutes which bear on these matters. One of these statutes is, by its terms, applicable only to sickness and accident policies (Section 3923.14, Revised Code), whereas the other now appears in the chapter of the codification pertaining to life insurance policies (Section 3911.06, Revised Code). The latter statute has been held by some courts as being applicable only to life insurance policies (*e.g., Republic Mutual Ins. Co.* v. *Wilson*, 66 Ohio App., 522), and held by others to be applicable to insurance policies other than life (*e.g., Connecticut General Life Ins. Co.* v. *Richardson*, 11 Ohio App., 405). See, also, *Standard Life & Acc. Ins. Co.* v. *Sayler, Exr.*, 15 O. D., 137, 2 N. P. (N. S.), 305, affirmed without opinion, 73 Ohio St., 340.

Section 3911.06, Revised Code, provides as follows:

"No answer to any interrogatory made by an applicant in his *application* for a policy shall bar the right to recover upon any policy issued thereon, or be used in evidence at any trial to recover upon such policy, unless it is clearly proved that such answer is willfully false, that it was fraudulently made, that it is material, and that it induced the company to issue the policy, that but for such answer the policy would not have been issued, and that the agent or company had no knowledge of the falsity or fraud of such answer." (Emphasis added.)

Notwithstanding this statute, it would seem that the trial court applied the rule of proof of fraud in the inducement pertaining to contracts generally, appearing in the second paragraph of the syllabus of the case of *Cross* v. *Ledford*, 161 Ohio St., 469:

"In order to maintain an action to rescind a contract on the ground that it was procured by fraudulent representations, it must be proved by clear and convincing evidence (1) that there was actual or implied representations of material matters of fact, (2) that such representations were false, (3) that such representations were made by one party to the other with knowledge of their falsity, (4) that they were made with intent to mis-

lead a party to rely thereon, and (5) that such party relied on such representations with a right to rely thereon.''

In the absence of special rules of construction or proof, insurance contracts are subject to the same rules as are contracts generally. See *Insurance Co.* v. *Pyle,* 44 Ohio St., 19. But for the possible exception of the provisions of Section 3911.06, Revised Code, *supra,* the statutes and case law of Ohio are silent as to any special rules of proof with respect to fraudulent representations inducing the issuance of a policy of automobile liability insurance, and the rule of proof quoted from *Cross* v. *Ledford, supra,* would be applicable. Such rule is particularly applicable here, for the representation relied upon by appellant was a declaration made a part of the policy and was not an answer to an interrogatory in the application within the scope of Section 3911.06, Revised Code.

We observe, in passing, that had the provisions of Section 3911.06, Revised Code, been applicable the appellant could not have been prejudiced by the trial court's using the rule of proof in *Cross* v. *Ledford,* for the latter rule placed no greater burden on the appellant than would the statutory rule.

It is evident from the findings of fact and conclusions of law, *supra,* that, except for knowledge of falsity and intent to mislead, the trial court found on all subordinate issues pertaining to fraud in favor of appellant. It is immaterial whether the individual members of this court might reach different conclusions on the evidence than did the trial court, for as the evidence was in conflict as to whether the representation was ''made with knowledge of its falsity, and made with intent to mislead said insurance company,'' so that reasonable minds could differ as to the conclusions reached thereon, this court is likewise bound by the rule of law cited in the fifth paragraph of the syllabus of the *Ledford case, supra,* which reads as follows:

''Where the evidence in a case is conflicting, the Court of Appeals in an appeal on questions of law may not as a matter of law substitute its judgment as to what the facts are for that of the trial court, but where the issue is raised it may set aside the finding of the trial court as being against the manifest weight of the evidence, and remand the cause for a new trial. (Paragraph eight of the syllabus in the case of *State, ex rel. Squire,*

536

*Supt. of Banks*, v. *City of Cleveland*, 150 Ohio St., 303, approved and followed.)''

We conclude, therefore, that the trial court did not commit prejudicial error in the particulars specified and argued by appellant and that the judgment of the trial court should be, and hereby is, affirmed.

*Judgment affirmed.*

MIDDLETON and YOUNGER, JJ., concur.