Billie OSBORNE, Individually and as Administrator of the Estate of Shirley Ann Osborne, Deceased; Martha McDaniel Moore; Kenneth Wayne Humphreys; Lora M. Moore; and Paul G. Hudgins, Plaintiffs,

v.

AMERICAN SELECT RISK INSURANCE COMPANY, Defendant,

and

Allstate Insurance Company, Intervenor.

Civ. A. No. 1575.

United States District Court
W. D. Kentucky,
Paducah Division.

Feb. 5, 1968.

———◆———

Chas. A. Williams & Associates, Paducah, Ky., for plaintiffs.

William E. Scent, Paducah, Ky., for intervenor.

Wheeler & Marshall, Paducah, Ky., Woodward, Hobson & Fulton, Louisville, Ky., for defendant.

### ORDER

SHELBOURNE, Senior District Judge.

This action was filed in this Court on October 21, 1966, by Billie Osborne, individually, a resident of Kentucky, and as Administrator of the estate of his deceased wife, Shirley Ann Osborne, Martha McDaniel Moore, a citizen of the State of Indiana, Kenneth Wayne Humphreys, a citizen of the State of Illinois, Lora M. Moore, also a citizen of the State of Illinois, and Paul G. Hudgins, a citizen of the State of Tennessee, naming as defendant the American Select Risk Insurance Company, a corporation created under the laws of the State of Ohio, and with its principal office and place of business in the State of Ohio.

Plaintiffs seek a recovery under a policy of indemnity insurance issued by the defendant Company to Billie Osborne on November 22, 1963, insuring plaintiff Billie Osborne against liability imposed by law by reason of the negligent operation of Osborne's automobile, either by Osborne or by anyone operating the automobile with his permission. The limitation of liability under the policy was $20,000.00 to any one person, $40,000.00 for one accident, and property damage to the extent of $5,000.00.

On or about December 14, 1963, Osborne's wife, Shirley Ann Osborne, while operating the automobile described in the policy, in Obion County, Tennessee, came into collision with an automobile occupied by Kenneth Wayne Humphreys; L. Yates Moore, husband of plaintiff Martha McDaniel Moore; and Boyd K. Moore, husband of plaintiff Lora M. Moore. As a result of the collision Shirley Ann Osborne, L. Yates Moore and Boyd K. Moore were killed, and Kenneth Wayne Humphreys was injured. Notice of the accident as provided in the policy was given by Billie Osborne to the defendant Company and the Company notified Osborne that it did not recognize any obligation or liability on account of the policy because of information which it had received which it claimed nullified the policy of· insurance from its inception.

Subsequently three suits were filed in Tennessee by the widows of the two men killed and by Kenneth Wayne Humphreys for his injuries. The defendant

Company declined to defend the actions and Billie Osborne, individually and as Administrator of the estate of Shirley Ann Osborne, defendant in the Tennessee actions, employed Paul G. Hudgins as counsel for him. A trial of the actions resulted in a judgment in favor of Kenneth Wayne Humphreys in the amount of $18,000.00, in favor of Martha McDaniel Moore and Lora M. Moore, each in the amount of $20,000.00. Paul G. Hudgins, plaintiff herein, seeks to recover a fee for legal services in the amount of $1,536.20 against the defendant Company.

At the time of the collision referred to, the occupants of the automobile owned by Boyd K. Moore were covered under a policy of insurance issued by Allstate Insurance Company, said coverage providing for indemnity in the event of liability suffered by the occupants of the Moore car by an uninsured motorist. Allstate, claiming to have paid to the occupants of the Moore car an aggregate of $20,000.00, intervened in this action for the purpose of recovering against any judgment in favor of Billie Osborne to the extent of its payments made aggregating $20,000.00.

The action in this Court revolves around whether the policy issued by defendant American Select Risk Insurance Company was valid when issued by reason of alleged misrepresentations made by Billie Osborne in the application upon which he obtained the policy. The alleged misrepresentations and false answers allegedly were made in the application in answer to certain questions, which questions and answers were:

"1. Has any driver had automobile insurance declined or or cancelled?  No

2. Has any driver been arrested for any reason or had his driver's license revoked, suspended or restricted?  No

3. Has any user been involved in an accident (as a driver) in the past three years?  No"

---

It is claimed by defendant that the answers constituted misrepresentations material to the risk, and that had the defendant known the true facts with respect to Billie Osborne's having had his license revoked, once for driving under the influence of alcohol and once for failure to maintain future proof of financial responsibility, and of his conviction in the Mayfield Police Court on a plea of guilty to reckless driving, and that Shirley Ann Osborne had previously been involved in an automobile accident, it would not have issued the policy of insurance. Defendant also claims that no insurance company acting in the usual and customary manner of handling applications for similar risks would have accepted the application or issued the policy.

By answer to a request for admissions, filed November 20, 1967, plaintiffs admitted that the signature of Osborne to the application was genuine; that Osborne was convicted of driving while intoxicated on May 5, 1954, and his driver's license revoked for a period of six months thereafter; that Osborne's license was again revoked on January 11, 1957, for a period of six months for failure to maintain future proof of financial responsibility; that on September 3, 1959, on a plea of guilty he was convicted in the Mayfield Police Court of reckless driving, and that on August 1, 1963, he was found guilty by the Graves County Court of having alcoholic beverages for purposes of sale in a dry county and was sentenced to sixty days in jail and fined $100.00, from which judgment he prosecuted an appeal to the Graves Circuit Court where the fine was upheld, but the jail sentence reduced to thirty days and probated; and further

admits that defendant tendered a return of the premium for the insurance policy on January 14, 1964, which Osborne returned to defendant on September 28, 1964. These admissions were made without qualification, as will appear in the record.

The testimony with respect to the application is in dispute to the extent that Mrs. Dibble, the clerk in the Wilson Insurance Agency at Murray, Kentucky, says she asked the questions to which the alleged false answers were made, and Osborne says the questions were not asked, but such disputed testimony is not material as Osborne admits signing the application and admits his ability to read. Osborne contends that the Company is estopped to rely upon the alleged misinformation because of the alleged failure on the part of Mrs. Dibble to ask the questions contained in the application. Mrs. Dibble disclaimed any acquaintance with Osborne prior to the occasion when he came to the insurance agency office and applied for the policy, and states that she knew nothing of any fact or report concerning Osborne's past record or any reason why the Company might not consider his application for the policy. It appears from the evidence that when the application was submitted to the Company, it issued the policy, forwarded it to the agency and it was thereafter delivered to Osborne. The evidence further shows that the Company referred the application to the Retail Credit Bureau at Paducah, Kentucky, for an investigation and the report of that agency did not refer to any evidence or reports of Osborne's license having been revoked or his conviction for possession of alcoholic beverages for resale in a dry county.

The rule by which the validity of policies obtained by an application containing material misrepresentations was involved in the case of Mutual Life Insurance Company of New York v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L. Ed. 1202 (1916), wherein the Supreme Court said:

> "Material representations in an application for life insurance which are incorrect, if known to be untrue by the assured when made, and nothing else appearing, invalidate the policy issued by the insurer relying on such representations, without further proof of actual conscious design to defraud."

> "The rule imputing agents' knowledge to the principal is intended to protect those exercising good faith and not as a shield for unfair dealing. An applicant for insurance should exercise toward the company the same good faith which he may rightfully demand from it; the relationship demands fair dealing by both parties."

The Court of Appeals for the Sixth Circuit in the case of Allstate Insurance Company v. Cook, 324 F.2d 752 (1963), considered a case in which appellant's driver's license had been suspended for two months and he had been fined $25.00 in Juvenile Court on his admission that he was guilty of driving a motor vehicle while under the influence of intoxicating liquor. The insurance company did not learn of the fine and license suspension in 1961, until after the policy had been issued and the premium paid. The action was instituted by Allstate Insurance Company for a declaratory judgment cancelling the policy as void ab initio. Both the District Court and the Circuit Court of Appeals determined that plaintiff was entitled to the relief sought and held the policy void. The Court said in the Cook case, quoting from Spriggs v. Martin, 115 Ohio App. 529, 182 N.E.2d 20, "There is often only a slight difference in the phraseology of a representation, a warranty, and a condition * * *" and that one of the elementary principles of insurance law is that nothing more completely vitiates an insurance contract than false answers to material questions in the application.

In Kentucky the leading case is Mills v. Reserve Life Insurance Company, Ky. 1960, 335 S.W.2d 155, and the misrep-

resentation contained in the application in that case was that the insured had never had diabetes. As in the case at bar, it was there stipulated by the parties that when Mills applied for the policy he knew he was suffering from diabetes. A second question in the application was whether he had received medical or surgical treatment within the past three years, to which he answered no. It was also agreed and stipulated that he had been a patient in a hospital from January 3, to January 20, 1955, where he was receiving medical care and treatment for diabetes. The applicant sought to avoid the effect of this misrepresentation by pleading that he was illiterate and therefore unable to read the application, but averred that he was only asked by the agent his name, age, place of employment, marital status and whether he had the amount of the first premium on his person. He specifically denied that he had been asked any of the questions touching his previous illness of diabetes. The Court held that the misrepresentations absolved the company from any liability on the policy and that the lower Court, in granting a summary judgment acted properly. The Court said on page 958:

"The rule is that a false answer is material if the insurer, acting reasonably and naturally in accordance with the usual practice of life insurance companies under similar circumstances, would not have accepted the application if the substantial truth had been stated therein."; citing many Kentucky cases.

The plaintiffs in this case rely upon the case of Lincoln Income Life Insurance Company v. Burchfield, Ky.1965, 394 S.W.2d 468. In the Burchfield case the Court said:

"In a long line of cases it has been very definitely established by this Court that a false answer is material if the insurer, acting reasonably and naturally in accordance with the usual practice of life insurance companies under similar circumstances, would not have accepted the application if the substantial truth had been stated therein. See Mills v. Reserve Life Life Insurance Co., Ky., 335 S.W.2d 955."

The Court then said that an exception to this rule that false answers to questions concerning matters material to the risk will void the policy of insurance exists where the insurer was fully cognizant of all the facts and in such case it could not be said as a matter of law that it relied upon the written statements contained in the application. (Citing Suttles v. Kentucky Home Mutual Life Insurance Company, 300 Ky. 696, 189 S.W.2d 845.) That case held that the insurance agent at the time the policy was applied for had knowledge of the truth with respect to the alleged material misrepresentations, and the company would not be permitted to take advantage of such breach. It does not appear in this case that there is any evidence that Mrs. Dibble or anyone connected with the insurance agency, or with the company issuing the policy, had any knowledge whatever of the facts relating to Osborne's previous record. The Burchfield case holds that the company was fully cognizant of the facts and had in its files hospital records setting out applicant's record and by reason of its own knowledge it was precluded from questioning the validity of the application. This is not relevant in the case at bar.

It is therefore the judgment of this Court that the defendant American Select Risk Insurance Company's motion for summary judgment should be and is hereby sustained, and the policy held void ab initio, and this case is ordered stricken from the trial docket. Plaintiff Billie Osborne is entitled to a return of the premium tendered by defendant Company and defendant is entitled to recover its costs in this action. Defendant's counsel shall tender appropriate judgment so providing upon notice to counsel for other parties in interest.