## AUTOMOBILE INS. CO. OF HARTFORD, CONN., v. FIXLER BROS., Inc.

### No. 8591.

Circuit Court of Appeals, Sixth Circuit.

March 6, 1941.

Sheldon S. Reynolds, of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, on the brief), for appellant.

George B. Folk, of Cleveland, Ohio (Miller, Davis & Folk, of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, HAMILTON and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

This appeal by an insurer requires interpretation of a policy of insurance issued to Gregg Carloading and Distributing Company, to which appellee corporation, as averred in its amended petition, entrusted six cases of linen piece goods "loaded for shipment on and in transit on a motor truck belonging to and operated by Gregg Carloading and Distributing Company, as a common carrier of goods for hire," which merchandise was stolen by unknown parties while "loaded for shipment on said motor truck and in transit, under bill of lading, from New York, New York, to Chicago, Illinois."

Appellee obtained in the Municipal Court of Chicago a default judgment against the common carrier for the value of its lost goods, which exceeded three thousand dollars. Thereafter, the carrier was legally adjudged bankrupt, and its trustee in bankruptcy was joined as a party defendant to the instant court action.

The District Court awarded judgment for $3,114.58, together with interest and costs, in favor of appellee, Fixler Bros., Inc., against appellant, by virtue of the policy of insurance issued by the latter to Gregg Carloading and Distributing Company.

The policy provisions which we are asked to construe are:

"8. It is warranted by the assured that each tractor and trailer combination outfit operated in the assured's business and covered under this policy shall at all times be in the custody of two men when cargo is in transportation between points of shipment and destination except upon the following runs: [None of which are involved here.]

"9. It is warranted by the assured that in no event shall cargo being transported by any truck or tractor and trailer combination be left unattended while in transit except when garaged in a substantial building, such building to be properly attended in a manner which would reasonably safeguard such cargo against the risk of theft."

At the trial, upon conclusion of the evidence, appellant insurer moved for the entry of judgment against itself for $239.39, being, by reason of an endorsement attached to the policy, admittedly due, even though the insured should be found to have breached the terms of the insurance contract.

But the appellant denied any further liability on the ground that (1) the tractor and trailer combination outfit operated in the assured's business and covered under the policy was not, as required by Clause 8, at all times in the custody of two men when the cargo was in transportation between the points of shipment and destination, and on the further ground that (2) in contravention of Clause 9 of the policy, the tractor and trailer combination outfit while in transit was left unattended in an open parking lot instead of being garaged in a substantial building in a manner which would reasonably safeguard the cargo from the risk of theft.

The District Judge rejected both contentions. In reviewing his judgment, we must briefly examine the evidence—an easy task, inasmuch as there was only one witness, Walter C. Hanson, truck driver. He testified that on May 10, 1937, he was engaged in behalf of the Gregg Carloading and Distributing Company on a run between New York and Cleveland and Chicago, and was driving his own combination outfit which consisted of a '36 Ford V-8 tractor with a Fruehauf trailer, which had been partially loaded at his employer's dock where, in the late afternoon, he was told to come back the next day for the rest of the load. He drove the truck to a parking lot in New York City, on Twenty-Sixth Street near Tenth Avenue, where he had parked his outfit a number of times before. He paid one of the two parking lot attendants fifty cents, turned over his keys, and received a parking ticket. He then went to a hotel, spent the night and returned to the parking lot around seven forty-five the following morning. Two attendants were there, but the one to whom he had given his keys was not. The truck was missing from the parking lot and was not located until the next afternoon when police officers found it on Fiftieth Street. The cargo had been removed and the truck was empty.

The witness admitted that he was alone when he parked the truck around six-thirty in the evening; that when he got off, there was no one "at all" on the truck; and that there was only one attendant, "a colored fellow," on the parking lot during the night to look after some twenty trucks and several passenger automobiles. He described the parking lot as having probably two hundred feet frontage and one hundred feet depth. The testimony of the witness and the picture in evidence establish the physical fact that parking on the parking lot could not by any legitimate stretch of imagination fall within the described exception in Clause 9 of the policy: "when garaged in a substantial building, etc."

But appellee contends that the tractor and trailer combination was not left unattended while in transit within the meaning of Clause 9; that one attendant was sufficient for compliance with the warranty; that it was not essential that the single attendant be an agent or employee of the assured, but that a public parking lot attendant would suffice.

We think the argument is untenable. The obvious purpose of clause nine, supplementing the custody provision of the preceding clause eight, was to require that at

least one of the two men into whose custody the combination outfit hauling the cargo was placed should remain during its transit with the cargo, unless "garaged" or placed in a substantial building safeguarded in a reasonably prudent manner against the risk of theft. Compare Ries & Sons, Inc. v. Automobile Ins. Co., 121 N.J.L. 493, 3 A.2d 610.

Read together, the careful language of the two clauses, eight and nine, points unambiguously to this conclusion, rather than to an assumption that the insurer intended to permit both custodians of the cargo to divest themselves of responsibility for its care by delegating their delegated duty to Tom, Dick, or Harry. Any such loose construction would do violence to maintenance of the high standard of care exacted of common carriers, and it is not to be guessed that their insurers would deliberately let down the bars of caution.

This breach by the assured company of the warranty contained in clause 9 of the policy bars recovery by appellee against the appellant insurer of the amount of the judgment obtained by appellee against the Gregg Carloading and Distributing Company in the state court. See Storer v. Ocean Accident & Guarantee Corp., 6 Cir., 80 F.2d 470.

The District Court is directed to enter judgment for the appellee in the amount of $239.39, but the costs of the cause will be assessed against appellee, for the reason that appellant seasonably offered to confess judgment for the amount now awarded.

On the basis of our decision, it becomes unnecessary for us to choose between the ingenious dictionary argument of appellee that the truck and trailer combination was not "in transportation" so as to bring it within the provisions of paragraph 8 of the policy and the insistence of appellant that the combination outfit operated in assured's business and covered under the policy was not, as required by Clause 8, at all times in the custody of two men when the cargo was in transportation between the points of shipment and destination, in support of which position appellant cites Hailey v. Oregon Short Line Railroad Co., D.C., 253 F. 569; Underwood v. Globe Indemnity Co., 245 N.Y. 111, 156 N.E. 632, 54 A.L.R. 485; Amory Manufacturing Co. v. Gulf, etc., Railroad Co., 89 Tex. 419, 37 S.W. 856, 59 Am.St.Rep. 65; and More v. Lott, 13 Nev. 376, 383. The question is interesting, but a present answer is unnecessary to the decision of this case.

Let the judgment be reversed, under mandate as above stated.