WISDEN, APPELLANT, v. THE AMERICAN INS. CO., APPELLEE.

[Cite as Wisden v. American Ins. Co., 9 Ohio App. 2d 48.]

(No. 610—Decided April 9, 1964.)

*Messrs. Bailey & Doughty,* for appellant.

*Messrs. McKee, Schwer, Hicks, Taggart & Wehler* and *Messrs. Wiles, Doucher, Tressler & Martin,* for appellee.

KERNS, P. J. This is an appeal on questions of law from an order of the Court of Common Pleas of Clark County sustaining the defendant's motion for a summary judgment.

From the pleadings, depositions and exhibits filed in the case and considered by the trial court pursuant to Section 2311.041, Revised Code, it appears that the defendant, appellee herein, issued a jewelers' block insurance policy to the plaintiff, appellant herein, based upon a proposal submitted by the insured. The policy was effective from March 15, 1960, to March 15, 1961. On Sunday morning, July 17, 1960, the plaintiff went to his jewelry store to work on his records, but the store was closed for regular business on that day. At about noon, he left the store for lunch, leaving the safe on the closed premises unlocked. Upon his return to the store some fifty minutes later, he discovered that his store had been broken into during his absence; that merchandise valued at $19,733.77 was missing; and that the premises and fixtures were damaged as a result of the breaking and entering in the amount of $545.44.

After a demand for reimbursement for the loss sustained was refused by the insurance company, the plaintiff instituted the present action. The defendant's defense is predicated upon an alleged breach of warranty.

The insurance policy issued to the plaintiff provides:

"1. *In consideration of* the premium above specified, and of *the proposals* and declarations *dated the 26th day of February 1960*, attached hereto and made a part hereof and *which is hereby agreed to be the basis of this policy, and which the assured hereby warrants to be true* as to each and every statement and particular contained therein, this company does insure George F. Wisden * * * from the 15th day of March 1960, to the 15th day of March 1961. * * *" (Emphasis ours.)

The proposal, dated the 26th day of February 1960, which was signed by the plaintiff, George F. Wisden, contains the following provisions:

"18. Warranties as to property insured during term of insurance at all times when premises are closed:

"* * *

"a. (2) The proportion by value of property on premises kept in other locked safes and vaults will be 60%.

"a. (3) The proportion by value of property on premises (including window display) out of safes and vaults will be 40%.

"* * *

"22. * * * Signing this form does not bind the proposer to complete the insurance, but this proposal shall constitute a warranty should a policy be issued."

In a deposition, taken as upon cross-examination, the plaintiff frankly admitted that the store was closed and the safe unlocked at the time of the theft, and the question thus presented herein is whether the failure to lock the safe releases the defendant from liability for the loss under the terms of the policy.

Ordinarily, nonfulfillment of an express warranty vitiates an insurance contract. 7 Couch On Insurance 2d 299, Section 36.2. See, also, *Germania Fire Ins. Co.* v. *Werner*, 76 Ohio St. 543; *Insurance Co.* v. *Wells*, 42 Ohio St. 519; *Insurance Co.* v. *Pyle*, 44 Ohio St. 19; *Republic Mutual Ins. Co.* v. *Wilson*, 66 Ohio App. 522.

A warranty is binding on the insured without regard to whether it is material to the risk and without regard to whether a breach of warranty proceeds from negligence, misinformation, or any other cause. See 30 Ohio Jurisprudence 2d 415,

Section 460 *et seq.*; 7 Couch on Insurance 2d 298, Section 36.1 *et seq.*; 45 Corpus Juris Secundum 276, Section 536 *et seq.*; 29 American Jurisprudence 968, Section 708.

In a comprehensive opinion, the trial court refers specifically to the cases of *Automobile Ins. Co. of Hartford* v. *Fixler Bros., Inc.*, 117 F. 2d 979, and *Home Ins. Co.* v. *Ciconett*, 179 F. 2d 892, which deal with promissory warranties. In the latter case, the insurance policy before the court contained the following provision: "It is warranted by the insured that the said vessel * * * shall at all times have a competent watchman on board, awake and on duty." With reference to such language, paragraphs one and two of the headnotes in that case state:

"1. Where there was no watchman on board tow boat and awake on date when boat sank as required by policy containing provision that it was warranted by insured that boat should at all times have a competent watchman on board, awake and on duty, there could be no recovery on the policy, notwithstanding alleged fact that presence of watchman would not have prevented the sinking of the boat.

"2. A warranty in a contract of insurance must be literally complied with, and the only question is whether thing warranted to be performed was or was not performed, and a breach of warranty releases insurer from liability regardless of fact that compliance with the warranty would not have avoided the loss."

We recognize that the mere use of such words as "warranty" and "warranted" in insurance contracts does not conclusively establish the legal character of a provision containing such a term. But in the present case, the statements contained in the proposal which was signed by the insured are expressly and without qualification made and designated warranties. Furthermore, the express stipulation by the insured that "the proportion by value of property on premises kept in other locked safes and vaults will be 60%" was directly related to the risk incurred and the premium charged by the defendant. Obviously, in the type of policy now being considered, the location and relative accessibility of the insured property would establish the degree of risk involved in its protection.

In the instant case, the trial court concluded as follows:

"The plaintiff in this case warranted that sixty percent of the proportion by value of the property described in Section 3 of the endorsement on the premises would be kept in a locked safe and vault, and that forty percent of the proportion by value of the property set out in said section on the premises would be out of the safe and vault, at all times when the premises are closed. By plaintiff's own admission he breached the warranty in the contract of insurance in leaving the safe and vault unlocked when the premises were closed. It would make no difference whether he had the proper percent of property in the safe and vault as specified in the policy and the proper percent of merchandise out of the safe and vault when the premises were closed, if the safe was left unlocked.

"There is no question but that the breach of such warranty by the plaintiff in not locking the safe and vault when the premises were closed is a material breach of the contract which bars the plaintiff from recovering anything from defendant under its contract of insurance."

We agree that this is the only conclusion which the record will reasonably support.

But in seeking a reversal of the judgment, the plaintiff relies entirely upon an alleged procedural error. Specifically, the error assigned in his brief is that "the trial court erred in sustaining defendant's motion for a summary judgment."

In support of this assignment of error, the plaintiff argues that there is a genuine issue of fact as to the amount of merchandise which was in the safe at the time of the theft. If the safe had been locked, we would be inclined to agree that the summary judgment was premature because further evidence would be necessary to resolve the issue as to whether there was substantial compliance with the requirement that 60% of the merchandise be kept in a locked safe or vault. However, in view of the plaintiff's admission that the safe was unlocked, this issue is not critical to a determination of the case. Clearly, none of the insured merchandise was in a locked safe.

During its comparatively brief history, the Summary Judgment Act appears to have gone through a gradual process of judicial emasculation, but the present record discloses no genuine issue of fact, as contended by the plaintiff, to remove this case from its operation. On the contrary, we find no case sup-

port and perceive no valid reason for perpetuating the present controversy. The judgment will therefore be affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.