740 P.2d 119
**BOARD OF EDUCATION OF the SAN-TA FE PUBLIC SCHOOLS, Petitioner,**

v.

**Vincent SULLIVAN, Respondent.**

**No. 17084.**

Supreme Court of New Mexico.

July 22, 1987.

Catron, Catron & Sawtell, Fletcher R. Catron, Santa Fe, for petitioner.

Jones, Snead, Wertheim, Rodriguez & Wentworth, William D. Winter, Santa Fe, for respondent.

## OPINION

SCARBOROUGH, Chief Justice.

This case is before us on certiorari to the Court of Appeals. We reverse.

At the end of the 1984–85 school year, the Board of Education of the Santa Fe Public Schools (petitioner) terminated the teaching contract of Vincent Sullivan (respondent) on grounds of incompetence and insubordination. The State Board of Education (Board of Education) reversed respondent's termination based upon petitioner's failure to comply with the Open Meetings Act in the course of the termination proceedings. The Court of Appeals affirmed the Board of Education's reversal.

Since the Board of Education's reversal was based upon a procedural error, petitioner recommenced termination proceedings against respondent. In this second phase of proceedings petitioner relied upon the same alleged misconduct that was relied upon in the previous proceedings and again terminated respondent. Again, the Board of Education reversed respondent's termination, concluding that petitioner's reliance upon the same alleged misconduct in the subsequent proceedings constituted a prejudicial departure from required procedures; and again, the Court of Appeals affirmed the Board of Education's reversal.

The issue before us is whether the Court of Appeals erred in affirming the Board of Education's second reversal, where the second reversal was based upon the determination that reliance upon the same alleged misconduct in the subsequent proceedings constituted a prejudicial departure from required procedures. We hold that the Court of Appeals erred.

The Court of Appeals reasoned that "[t]he local board was not entitled to independently take a second bite at the apple by correcting the procedural defect in a *de novo* hearing. Once [respondent] has been reinstated, a subsequent termination must be based on [respondent's] performance after the reinstatement." In so reasoning, the Court of Appeals relied upon *Roberson v. Board of Education*, 80 N.M. 672, 459 P.2d 834 (1969).

The Court of Appeals' reliance upon *Roberson* is misplaced. *Roberson* stands merely for the proposition that a local school board cannot rely upon past misconduct when it knows of the past misconduct and nevertheless rehires the teacher. *Roberson* does not absolutely prohibit reliance upon past years' misconduct in current year termination proceedings.

Petitioner did not waive its right to rely upon respondent's past misconduct. The original termination proceedings were reversed based upon a procedural defect. Petitioner was entitled to reinstate termination proceedings, correct the procedural defect, and rely upon the same alleged acts of misconduct that had been relied upon in the original proceedings.

On appeal to the Board of Education, the Board of Education must determine whether there has been a prejudicial departure from required procedures. *See Redman v. Bd. of Regents*, 102 N.M. 234, 693 P.2d 1266 (Ct.App.1984), *cert. denied*, 102 N.M. 225, 693 P.2d 591 (1985). On appeal from a decision of the Board of Education to the Court of Appeals, the Court of Appeals must affirm unless the Board of Education's decision is arbitrary, capricious or unreasonable, not supported by substantial evidence, or otherwise not in accordance with law. *Id.* Since petitioner was entitled to rely upon the same alleged acts of misconduct in the subsequent proceedings, the Board of Education erred in concluding that there had been a prejudicial departure from required procedures in the subsequent proceedings. Likewise, the Court of Appeals erred in affirming the Board of Education's decision since that decision was not in accordance with law.

We reverse the Court of Appeals and the Board of Education.

IT IS SO ORDERED.

SOSA, Senior J., and STOWERS, WALTERS and RANSOM, JJ., concur.