**Certiorari Granted, February 6, 2012, No. 33,380**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-018**

**Filing Date:  November 17, 2011**

**Docket No. 30,136**

**JAMES M. PALENICK,**

   **Plaintiff-Appellant,**

**v.**

**CITY OF RIO RANCHO,**

   **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Daniel M. Faber
Albuquerque, NM

for Appellant

Montgomery & Andrews, P.A.
Randy S. Bartell
Holly Agajanian
Santa Fe, NM

for Appellee

Dines & Gross PC
Gregory P. Williams
Albuquerque, NM

for Amicus Curiae N.M. Foundation for Open Government

**OPINION**

**SUTIN, Judge.**

1

**{1}** After the City of Rio Rancho (the City) was informed by the New Mexico Attorney General that its termination of Plaintiff James Palenick as its City Manager violated the Open Meetings Act (the Act), NMSA 1978, §§ 10-15-1 to -4 (1974, as amended through 2009), the City, in a meeting eleven months after the termination, passed a resolution attempting to retroactively cure the violation. Plaintiff sued on two counts: Count I, to enforce the Act, and Count II, for debt and money due under the employment agreement for the period between the initial termination and the later-attempted cure. We refer to Plaintiff's claim for debt and money due as a claim for breach of contract. The district court dismissed Plaintiff's claim in Count I seeking to enforce the Act on the ground that the court lacked subject matter jurisdiction. On Count II, the breach of contract claim, the court determined that the City violated the Act. The court nevertheless held against Plaintiff on his breach of contract claim, holding that the City's cure in the later meeting of its prior invalid action applied retroactively, resulting in an effective earlier termination. A related issue is whether Plaintiff waived his contention that the City violated the Act when he accepted severance benefits, pursuant to his employment agreement, when he was initially terminated, believing at the time that the City had violated the Act. The district court held that Plaintiff's acceptance of the benefits immediately after his termination constituted a waiver of his breach of contract claim. A further issue involves the district court's denial of Plaintiff's claim under the Act for attorney fees. We hold that the City's later attempt to make its invalid termination valid was not effective. We also hold that Plaintiff's acceptance of severance benefits did not constitute a waiver of his right to salary and benefits pursuant to his employment agreement. We further hold that Plaintiff is not entitled to attorney fees or costs under the Act.

**BACKGROUND**

**{2}** Plaintiff and the City signed an employment agreement (the agreement) dated November 8, 2006, employing Plaintiff as the City Manager at the pleasure of the City's governing body and permitting the governing body to terminate Plaintiff with or without cause. The agreement provided that, if the governing body terminated Plaintiff without just cause, he would be entitled to receive certain severance benefits, including a cash payment calculated on his years of service. At a December 13, 2006, meeting at which Plaintiff was present, the governing body voted to terminate Plaintiff's employment, and Plaintiff immediately concluded that the vote had been taken in violation of the Act.

**{3}** The following day, Plaintiff delivered a letter to the City requesting payment of severance benefits, based on the governing body's action to remove him; the demand did not mention the Act or reserve any rights to later sue the City based on a violation of the Act. A few days later, Plaintiff clarified his demand in another letter, but this too did not mention the Act. In a letter sent several days later, the City informed Plaintiff that "effective December 13, 2006[,] you will no longer be considered [an] active employee"; Plaintiff did not object to this statement. Plaintiff received severance benefits.

2

**{4}** In September 2007, the Attorney General informed the City that, because of discussions regarding Plaintiff's employment status that predated the meeting on December 13, 2006, the City violated the Act in terminating Plaintiff's employment at that meeting and that the violation invalidated the governing body's action terminating Plaintiff. These discussions, referred to in the Attorney General's letter, took place among certain City officials that included the mayor, deputy mayor, and various city councilors. At a meeting on November 14, 2007, the governing body adopted a resolution to address the Attorney General's concerns. In part, the resolution stated that "[i]f at all relevant, any and all prior actions undertaken in terminating [Plaintiff's] employment with the City and set forth in writing are hereby ratified and approved." By this resolution, the governing body intended to ratify and approve its prior action terminating Plaintiff's employment effective December 13, 2006.

**{5}** On December 14, 2007, Plaintiff sent a letter to the City stating, among other things, that his termination was invalid as reflected in the Attorney General's findings. Plaintiff filed suit against the City in January 2008. In Count I, Plaintiff sought "a judgment for violation of the . . . Act" by issuing an injunction invalidating the termination, awarding attorney fees and costs under Section 10-15-3(C), and such other relief as the court deemed proper. In Count II, he asserted a claim for debt and money due on the grounds that the City had violated the Act; his termination was invalid; he remained employed under the agreement; and he was entitled to unpaid salary and benefits, interest, attorney fees, and costs based on the City's continuous breach of the agreement.

**{6}** In April 2009, the court entered an order dismissing Plaintiff's Count I with prejudice on the ground that the court did not have subject matter jurisdiction over the claim. The district court did not explain its rationale for holding that it lacked subject matter jurisdiction. Plaintiff does not argue on appeal that the court erred in dismissing Count I. Accordingly, we do not address or discuss the propriety of this order.

**{7}** In its findings of fact and conclusions of law entered in October 2009, the court not only confirmed the dismissal of Count I, but it also dismissed Count II (breach of contract). The dismissal of Count II was based on the court's conclusion of law that the meeting on December 13, 2006, terminating Plaintiff's employment violated the Act, but that the City's resolution adopted at its November 14, 2007, meeting "retroactively ratified, rectified, and approved its prior action on December 13, 2006[,] terminating [Plaintiff's] employment and cured any alleged violations of the . . . Act." The district court also found and concluded that, upon his termination in December 2006 and demand for severance benefits, Plaintiff elected to receive and did receive his severance benefits and that his "election to proceed with his demand for severance [was] a waiver of any and all rights to claim a breach of the [e]mployment [a]greement based on violations of the . . . Act." Count II was also dismissed with prejudice. Following a hearing on Plaintiff's motion for a new trial, the court entered a final judgment in favor of the City.

3

**{8}** Plaintiff contends on appeal that his termination could have been effective only as of the date of the corrective action taken by the City on November 14, 2007, that he was employed by the City and entitled to his salary and benefits until that time, and that he did not waive his right to the salary and benefits he sought. He also contends that he is entitled to costs and reasonable attorney fees permitted under the Act.

**The Retroactive Cure Issue**

**{9}** We review questions of interpretation of statutes de novo. *State v. Rivera*, 2004-NMSC-001, ¶ 9, 134 N.M. 768, 82 P.3d 939. Public entities can cure violations of the Act. *See, e.g.*, *Bd. of Educ. of Santa Fe Pub. Sch. v. Sullivan*, 106 N.M. 125, 125, 740 P.2d 119, 119-20 (1987) (stating that the board was entitled to correct the procedural defect of failing to comply with the Act); *Kleinberg v. Bd. of Educ. of Albuquerque Pub. Sch.*, 107 N.M. 38, 44, 751 P.2d 722, 728 (Ct. App. 1988) (recognizing that "the procedural defect could be corrected through a reinstatement of the termination proceedings"). But no authority in New Mexico supports the City's attempt to retroactively make the prior invalid action valid and effective as of the date it was taken. Section 10-15-3(A) plainly states that no board action is valid if the action is not taken in accordance with Section 10-15-1. No provision in the Act states or implies that, when a public entity acts to "cure" an invalid employment termination by taking a later action, the later action can be applied retroactively. To permit retroactive application not only removes incentive to comply with the Act in employment termination circumstances, it undermines the Act and essentially renders Section 10-15-3(A) meaningless. We cannot see in the Act any purpose or balancing of interests that should bar Plaintiff from seeking relief despite the City's violation. We hold that the district court erred in determining that the City's November 14, 2007, resolution retroactively rectified, ratified, and approved the invalid December 13, 2006, action taken in violation of the Act thereby making the termination valid and effective as of December 13, 2006.

**The Waiver Issue**

**{10}** The issue of waiver here is one of law that we review de novo. *Concerned Residents of Santa Fe N., Inc. v. Santa Fe Estates, Inc.*, 2008-NMCA-042, ¶ 22, 143 N.M. 811, 182 P.3d 794 (reviewing an issue of waiver de novo).

**{11}** We have difficulty affirming the district court's determination that Plaintiff waived his right to any salary and benefits because he demanded and received a severance payment when he was first terminated, believing at the time that the City had violated the Act. There appears, indeed, at least at first glance backwards, to be an irreconcilable inconsistency in permitting a terminated employee to have severance benefits but also demand salary. Yet, looking back, we are convinced that the circumstances do not permit a determination of waiver or relinquishment of a known right or waiver by estoppel. There appears to be no dispute that had Plaintiff been validly terminated on December 13, 2006, he would have been entitled to the severance benefits he received. There appears to be no question that, upon his termination on November 14, 2007, he was entitled to severance benefits if he had

4

not already received them. Thus, under one or the other of the termination actions taken by the City, it was liable for severance benefits. Under these circumstances, we see no basis upon which Plaintiff should be barred on a waiver or estoppel ground from seeking relief under Count II.

**The City's Argument That the District Court was Right for the Wrong Reason**

{12}    The City argues that, notwithstanding the court's determination that the City violated the Act, Plaintiff could not prevail because he failed to prove an essential element of his breach of contract claim, namely, that the City violated the Act. The City argues that Plaintiff "did not . . . explain the facts and circumstances surrounding the alleged . . . violation or otherwise [show] how the [Act] was actually violated." Thus, according to the City, we should affirm the district court's dismissal of Plaintiff's breach of contract claim on the ground that it was right even if its reasoning was mistaken. *See Tsosie v. Found. Reserve Ins. Co.*, 77 N.M. 671, 676, 427 P.2d 29, 32 (1967) (stating that "[a] court will not be reversed when it has arrived at the correct result for a wrong reason"). We reject this argument. The City did not appeal the district court's determination that the City violated the Act. Nor has the City cited any authority that supports its attempt to collaterally undermine that determination by attempting to show that it lacked a sufficient evidentiary basis. Thus, we see no basis on which the City can argue that the violation was never proved.

{13}    We note, as well, that immediately after the evidence closed, at the point the court initially indicated that the Act had not been violated, Plaintiff sought a new trial. The request was based on the fact that he did not present evidence of the City's violation of the Act because of an earlier court ruling that the sole issue to be tried was whether the City's cure had retroactive effect. Plaintiff points out that before trial, the court limited the issue at trial to that relating to retroactivity and, therefore, Plaintiff did not concentrate on evidence establishing the violation. We also note that Plaintiff argues that the facts relating to the violation were before the court in the summary judgment proceedings before trial, that the facts were undisputed, and that evidence was also presented during trial.

**The Attorney Fees Issue**

{14}    The circumstances relating to the attorney fee issue are a bit confusing. As we discussed in the background section of this Opinion, the district court dismissed Count I of Plaintiff's complaint with prejudice for lack of subject matter jurisdiction. That claim sought relief under the Act based on the City's violation of the Act. Plaintiff has not challenged that dismissal on appeal. Yet, at trial on the breach of contract claim, the court considered whether the City violated the Act. At the close of trial, the court stated that, based on the evidence before the court, "there [was] insufficient evidence to show that there was a violation of the . . . Act." But in its findings of fact and conclusions of law, the court concluded that "[t]he City's action resulting from the December 13, 2006[,] meeting concerning [Plaintiff's] termination was in violation of the . . . Act." Then, in its order

5

denying Plaintiff's motion for a new trial, the court found that the City violated the Act when it terminated Plaintiff on December 13, 2006.

**{15}** The City argues that, because the court dismissed Plaintiff's Count I claim under the Act for failure to comply with jurisdictional requirements, Plaintiff cannot successfully assert entitlement to attorney fees or costs under the Act. Distinguishing wrongful employment termination jurisprudence from that involving enforcement of the Act, the City also argues that Plaintiff cannot recover attorney fees or costs for enforcement of the Act because, although premised on a violation of the Act, Plaintiff's breach of contract claim was not an action to enforce the Act. Plaintiff argues that the court ultimately determined that the City violated the Act, that this issue was part of Plaintiff's claim for relief, and that the court's determination was sufficient to bring Plaintiff within the Act's allowance of attorney fees and costs. The City did not appeal the court's ruling that the City violated the Act.

**{16}** We resolve this enigmatic issue against Plaintiff. In his complaint, Plaintiff sought attorney fees and costs in Count I expressly and specifically pursuant to Section 10-15-3(C) of the Act. While he also asked for attorney fees and costs in his breach of contract claim, Plaintiff did not mention entitlement to the fees and costs under the Act. In briefing the subject matter jurisdiction issue, he distinguished his enforcement claim and his breach of contract claim, with the following argument, which was his sole argument on the merits of the issue:

> As [Plaintiff] argued when he opposed [the City's] first motion for summary judgment, his complaint contains claims for violation of the . . . Act *and* debt and money due. [Plaintiff] seeks damages for breach of his employment contract under Count II, Debt and Money Due. He seeks attorney fees and costs, but no damages, under the . . . Act. The [c]ourt should again reject the lack of subject matter jurisdiction argument.

Under the law of this case as established in the court's rulings, and given the peculiar circumstances and unattacked ruling on subject matter jurisdiction, we determine that, while the court could properly determine that the City violated the Act when considering Plaintiff's claim for breach of contract, having dismissed Count I with prejudice, the court could not properly enforce the Act by awarding attorney fees and costs under the Act.

**CONCLUSION**

**{17}** We reverse the district court's dismissal of the breach of contract claim in Count II and remand for further proceedings on whether Plaintiff is entitled under the employment agreement to salary and benefits for any period following December 13, 2006, and if so, for a determination of the amount he is entitled to receive. We affirm the district court's denial of Plaintiff's request for attorney fees and costs.

**{18}  IT IS SO ORDERED.**

6

 

 

 

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

 

**MICHAEL D. BUSTAMANTE, Judge**

 

**MICHAEL E. VIGIL, Judge**

**Topic Index for *Palenick v. City of Rio Rancho*, No. 30,136**

| **AE** | **APPEAL AND ERROR** |
| AE-RR | Right for Any Reason Doctrine |
| AE-SR | Standard of Review |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-WA | Waiver |
| | |
| **CN** | **CONTRACTS** |
| CN-BR | Breach |
| | |
| **EL** | **EMPLOYMENT LAW** |
| EL-AF | Attorney Fees |
| EL-TE | Termination of Employment |
| | |
| **GV** | **GOVERNMENT** |
| GV-MU | Municipalities |
| GV-OA | Open Meetings Act |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |